## HALLIDAY v. BURLINGTON TRANSP. CO.
### No. 535.

District Court, W. D. Missouri, W. D.

Dec. 4, 1940.

Reed & Ingraham, of Kansas City, Mo., for plaintiff.

Langworthy & Matz, of Kansas City, Mo., for defendant.

COLLET, District Judge.

By its motion to quash the service upon it, defendant challenges the constitutionality of Section 5279, Laws Mo.1931, p. 316, Mo.St.Ann. § 5279, p. 6694.[1] It is

---

[1] "§ 5279. *Suit may be brought in any county where cause of action may arise.* Suit may be brought against any motor carrier or contract hauler, as in this act defined, in any county where the cause of action may arise, in any town or county where motor carrier operates, or judicial circuit where the cause of action accrued, or where the defendant maintains an office or agent and service may be had upon such carrier whether an individual person, firm, company, association, or corporation, by serving process upon the secretary of the Public Service Commission."

asserted that the statute is deficient under the due process clause of the Federal Constitution (Amendment 14, Section 1) and the corresponding provision of the Missouri Constitution (Article 2; Section 30, Mo.St.Ann.), in that it provides for service on motor carriers (whether an individual or a corporation) by service upon the Secretary of the Public Service Commission without any requirement that the Secretary give any kind of actual notice to the defendant. The statute does not authorize the carrier to designate a service agent as an optional alternative.

A state may make any reasonable provision relative to service in cases of this character which it desires, but the provision for service on a state officer in lieu of service on the defendant must include a direction to the state officer which will make actual notice to the defendant reasonably probable. Wuchter v. Pizzutti, 276 U.S. 13, 48 S.Ct. 259, 72 L.Ed. 446, 57 A.L.R. 1230.

A statute which merely authorizes service upon a motor carrier operating in the State by serving process upon the Secretary of the Public Service Commission without placing any duty or responsibility whatever upon that officer to convey actual notice to the defendant carrier does not meet the constitutional requirement. Wuchter v. Pizzutti, supra.

Cases such as Washington v. Superior Court, 289 U.S. 361, 53 S.Ct. 624, 77 L.Ed 1256, 89 A.L.R. 653, and Badger Dome Oil Co. v. Hallam, 8 Cir., 99 F.2d 293, differ from the case under consideration in this particular: In those cases the statute afforded the corporation the right and opportunity to designate an 'agent of its own choice upon whom service should be obtained and, only in the event of the corporation's failure to do so the state officer was substituted as the agent for service. Such statutes give ample opportunity for reasonable probability of actual notice if the corporation desires to go to the trouble of designating an agent for service. But the statute here involved leaves no such choice open. It applies alike to carriers which may be individuals or corporations and authorizes service on one and all by notice to the Secretary of the Commission.

Investigation has been made to determine whether the Public Service Commission under its general statutory authority to make such rules as may be necessary for the proper administration of the Act of which Section 5279 is a part, has promulgated a rule giving its Secretary directions to notify carriers of process served upon him. There is no such rule. Although a universal practice of an officer of giving actual notice would carry great weight in determining whether an ambiguous statute actually directed him to do so,[2] the present statute is not ambiguous but totally lacking in any direction.

For the reasons noted the motion is sustained with exception to plaintiff.

[2] Dissenting opinion Mr. Justice Brandeis in Wuchter v. Pizzutti, supra, 276 U. S. loc. cit. 26, 48 S.Ct. 259, 72 L.Ed. 446, 57 A.L.R. 1230.