ARTHUR HARRIS, JR., Appellant, v. ERNEST F. BATES, Deceased, by and through his Legal Representative, GEORGE R. CURRY, Respondent, No. 44080—270 S. W. (2d) 763.

Division One, September 13, 1954.

1024

*J. W. Grossenheider* for appellant.

*John F. Low* for respondent.

LOZIER, C.—Plaintiff-appellant (herein called plaintiff) has appealed from a judgment dismissing his petition. As plaintiff claimed damages in the sum of $11,528.35, this court has appellate jurisdiction. Sec. 3, Art. 5, Cons., 2 V.A.M.S., p. 31.

Plaintiff's claim was for damages for personal injuries and property damage allegedly sustained in a collision between plaintiff's automobile and an automobile operated by Ernest F. Bates, at the intersection of U. S. Highway 66 and Missouri Highway 5 in Laclede County, Mo., on December 24, 1952. Plaintiff alleged that his injuries and damage were caused by Bates' negligence.

Plaintiff further alleged that "after said collision the said Ernest F. Bates died and that the said Ernest F. Bates was a resident of the State of Nebraska; that under the laws and statutes of Missouri as in such instances made and provided, to wit: Sec. 537.020, RSMo 1949, a representative, this defendant, was appointed by the Probate Court of Laclede County, Missouri, on the 24th day of March, 1953, for the purpose of being sued and defending any lawsuit that might be filed in behalf of this plaintiff or other potential plaintiffs."

George R. Curry was personally served in Laclede County with summons for "Ernest F. Bates, Deceased, by and through his representative, George R. Curry."

Appearing solely for that purpose, Curry filed a motion to dismiss wherein he alleged: "That on or about March 28, 1953, the Probate Court of Laclede County, Missouri, purportedly appointed this movant to be the legal representative for purposes of suit against Ernest F. Bates, deceased. That such purported appointment was made pursuant to Sec. 537.020, RSMo 1949, and that such section is unconstitutional by reason of the fact that no provision is made for notice to be given by any such purported legal representative to the heirs, survivors or legal representatives of the deceased. That by reason of this fact that said section aforesaid is uncontitutional, this court is without jurisdiction over this movant. Wherefore, this movant prays the court to dismiss this cause on the grounds that said statute is unconstitutional and this court is without jurisdiction to proceed in this matter."

·1026

The motion was sustained and the petition was dismissed "for the reasons set out in the motion." Thereafter, plaintiff filed a motion in which he asked that the dismissal order be set aside on the following grounds: "That the court erred in sustaining defendant's motion to dismiss because defendant's motion was not timely filed in the proper court. That under the law and under the State and Federal Constitutions plaintiff should be allowed to prosecute the above entitled cause under Sec. 537.020, RSMo 1949." That motion was overruled.

Constitutional questions may be raised by a motion to dismiss. Dye v. School District No. 32 of Pulaski County, 355 Mo. 231, 195 S. W. 2d 874, 876. The ground of the instant motion to dismiss was that Sec. 537.020 was "unconstitutional" in that it makes no provision for notice to be given by the representative appointed by the probate court "for the purpose of being sued and defending the action to the heirs, survivors or legal representatives of the deceased." The motion mentions neither the federal constitution nor the state constitution, much less any article or section of either. The motion neither quotes, uses the language of nor refers to any constitutional provision claimed to have been violated by Sec. 537.020. (Neither did plaintiff's motion to set aside the dismissal order nor his brief in this court.)

In this court, Curry filed no brief and the case was argued only by plaintiff's counsel. Plaintiff contends that the trial court erred in sustaining the motion to dismiss. He argues: "Where a litigant seeks to raise a constitutional question, he must not only point out the specific provision of the constitution which is allegedly violated but he must also show how his constitutional rights have been or will be denied him"; and "under the law and under the state and federal constitutions, the court should not have dismissed plaintiff's petition and plaintiff should be allowed to prosecute his action under Sec. 537.020, RSMo 1949."

We can assume without deciding that, insofar as necessary to give this court appellate jurisdiction under Sec. 3, Art. 5, Cons., 2 V.A.M.S., p. 31, no constitutional question was preserved for review. See Cirese v. Spitcaufsky, (Mo.) 259 S. W. 2d 836, 838[1]. However, having appellate jurisdiction because of the amount in dispute, "we may decide constitutional questions even ex mero motu where matters of public concern are involved." State ex rel. McMonigle v. Spears, 358 Mo. 23, 213 S. W. 2d 210, 212[5, 6]. This, even though constitutional questions "have not been raised as orderly procedure requires." Ex Parte Bass, 328 Mo. 195, 40 S. W. 2d 457, 460[4]. We believe that the public interest in and the importance of the question require us to rule the constitutionality of the now challenged statute. State ex rel. Fuller v. Mullinax, En Banc, 364 Mo. 858, 269 S. W. (2d) 72.

■ Paragraph 1 of Sec. 537.020 provides that a personal injuries action survives against the "legal representative" of the deceased tort-feasor, resident or nonresident. (All section references are to RSMo 1949, V.A.M.S.)

Generally, and absent some clear indication to the contrary, the "legal representative" of a deceased is his administrator or executor appointed by a court having probate jurisdiction. See Nudelman v. Thimbles, 225 Mo. App. 553, 40 S. W. 2d 475, 477[3-5]; Mennemeyer v. Hart, 359 Mo. 423, 221 S. W. 2d 960, 963[8]. However, the term may include "all persons who, with respect to one's property, stand in his place and represent his interests, whether transferred to them by his act or by operation of law, and may mean heirs and next of kin." 33 C.J.S., Executors and Administrators, Sec. 3, p. 880. And see 21 Am. Jur., Executors and Administrators, Sec. 3, p. 369. Under Paragraph 1, then, instant plaintiff's action survived *only* against Bates' nonresident "legal representative."

■ Paragraph 2 of Sec. 537.020 is, in part: "The existence of the right of action for * * * personal injury that does not result in death shall be sufficient to authorize and to require the appointment of a personal representative for the person liable for such * * * injury by the probate court upon his death upon the written application of any person interested in such right of action for * * *' injury." If that sentence be construed as authorizing the appointment of a "personal representative" for a deceased nonresident tort-feasor who died the owner of property in Missouri, that provision is not applicable. (See Secs. 466.010-466.090 as to ancillary administration of the estate of a deceased nonresident. As to jurisdiction in other in rem actions, see Sec. 506.160.) Upon the instant record, Bates did not die the owner of property in Missouri and Curry was not appointed Bates' "*personal* representative" for the purposes of administering whatever assets Bates may have had in Missouri.

■ Paragraph 3 of Sec. 537.020 is: "Where a nonresident of the state negligently causes such injury or death in this state, and such nonresident is killed or dies, the probate court of the county where the casualty occurred shall have power to appoint a representative of such deceased for the purpose of being sued and defending any such foregoing action herein." The action referrd to is either a personal injuries action or a wrongful death action.

Note that the provisions of Paragraph 3 are applicable only in instances of causes of action arising out of the negligence of a deceased *nonresident*. Next, note that the paragraph does not provide for the survival of the cause of action against the Missouri-probate-court-appointed "representative." ■ Next, note that the paragraph does not purport to provide for the appointment of a "*legal* representative" or a "*personal* representative" of the deceased nonresident tort-feasor. It provides only for the appointment ("by the

1028

probate court of the county where the casualty occurred") of "a *representative* of such deceased for the purpose of being sued and defending" the action. We cannot construe the term "representative" as used in Paragraph 3 as meaning the "legal representative" referred to in Paragraph 1. This, because the contrary intent of the legislature clearly appears—first, in the use of the different terms of the two paragraphs and, second, in the use of express language describing the purposes for which the "representative" is appointed. We can find no legislative intent that a cause of action, surviving to the "legal representative" of a deceased nonresident tort-feasor under Paragraph 1, is to survive against the "representative" appointed under Paragraph 3. It follows that instant plaintiff's cause of action did not survive against Curry as such a "representative."

█ Plaintiff does not contend that his cause of action survived against Curry in his "representative" capacity. (Quare: As plaintiff sued a dead man "by and through" the "representative" appointed by the probate court, might the trial court's dismissal of plaintiff's petition be sustained upon the ground that the court acquired no jurisdiction over the deceased Bates by service of summons upon such "representative"?) Plaintiff's position is that Paragraph 3 and our actions-against-nonresident-motorists law (Secs. 506.200-506.320), construed together, subjects to the jurisdiction of our courts a nonresident motorist in an action for damages for personal injuries caused by such motorist in his use of our highways; that his (plaintiff's) action is, in essence, one against Bates' nonresident "legal representative"; that the "representative" appointed under Paragraph 3— "for the purpose of being sued and defending" plaintiff's action—is the "representative" of the deceased's nonresident "legal representative" (against whom plaintiff's cause of action survived) upon whom service of process may be had in this state; and that service of process upon Curry in his "representative" capacity was service of process upon Bates' nonresident "legal representative."

A state may subject to the jurisdiction of its courts a nonresident motorist in actions arising out of negligence in the operation of his automobile over the state's highways, but only if there are statutory provisions: (1) Subjecting him to the jurisdiction of the courts of the state, and (2) providing for service of process consisting of both (a) the designation of the official upon whom summons may be served and (b) a provision for adequate notification to the nonresident motorist. Hess v. Pawloski, 274 U. S. 352, 47 S. Ct. 632, 633[4, 5], 71 L. Ed. 1091; Wuchter v. Pizzutti, 276 U. S. 13, 48 S. Ct. 259, 260[2], 72 L. Ed. 446, 57 A.L.R. 1230; Olberding v. Illinois Central R. Co., 346 U. S. 338, 74 S. Ct. 83, 98 L. Ed. 7; Restatement, Conflict of Laws, 1948 Supp., Sec. 84, p. 100; Restatement, Judgments, Sec. 23, *Comment b*, p. 110.

Our actions-against-nonresident-motorists law (Secs. 506.200-506.320) expressly subjects the nonresident motorist *himself* to the jurisdiction of Missouri courts. See Sec. 506.210. (The basis of such jurisdiction is his use of Missouri highways, not his "consent." See Olberding v. Illinois Central R. Co., supra.) But that law does not even purport to subject to the jurisdiction of our courts the administrator or executor or other "legal representative" of a deceased nonresident motorist."[1] Such a statute "is inapplicable ▮▮▮ to the personal representative of a deceased nonresident motorist, since mere liberal construction cannot, for the purpose of embracing other persons than those to whom the statute is expressly made applicable, supply that which the legislature has, either deliberately, or inadvertently, or through lack of foresight, omitted." Downing v. Schwenck, 138 Neb. 395, 293 N. W. 278 (syllabus).

Paragraph 3 of Sec. 537.020 does not expressly subject to the jurisdiction of our courts the nonresident "legal representative" of a deceased nonresident motorist in an action arising out of such deceased's negligence in the use of Missouri highways. Nor does the paragraph impliedly give our courts jurisdiction in such an action. As we have said, the cause of action survives only against the "legal representative" of a deceased nonresident motorist and Paragraph 3 contains no provision for survival against the Missouri-probate-court-appointed "representative." Now note that Paragraph 3 contains no provision subjecting to the jurisdiction of our courts the "legal representative" of a deceased nonresident tort-feasor in actions arising out of such deceased's negligent acts in this state—here, negligent acts in the use of Missouri highways. We do not believe that Paragraph 3 even purports to subject to the jurisdiction of our courts such nonresident "legal representative" in such an action. In our view, the language, "where a nonresident of the state negligently causes such death or injury in this state," is entirely too general to be construed as subjecting such "legal representative" to such jurisdiction. Contrast the clear, precise language of Sec. 506.210, subjecting to such jurisdiction a nonresident motorist himself. We cannot construe Paragraph 3 as a legislative attempt to subject the nonresident "legal representative" of a deceased nonresident motorist to the jurisdiction of our courts in such an action. We believe that

---

[1] As to statutes relating to jurisdiction over, and service of process upon, a nonresident administrator or executor of a deceased nonresident motorist, see: Blashfield, Cyc. of Automobile Law and Practice, Chap. 128, Vol. 9, Pt. 1, p. 424 (especially 1953 Pocket Pt., p. 268); Knoop v. Anderson, (D.C. Iowa) 71 F. Supp. 832; 1951 Wash. U. L. Q. 559; 36 Iowa Law Review 128; 5 Miami L. Q. 314; 57 Yale Law Journal 647; 2 Ark. Law Review 456; 33 Cornell L. Q. 276; 39 Harvard Law Review 563; 61 Harvard Law Review 355; 33 Iowa Law Review 407; 15 U. of Chicago Law Review 451; Anno. 18 A.L.R. 2d 544.

the legislature, inadvertently or otherwise, has not subjected such "legal representative" to such jurisdiction in such an action.

We hold that neither the actions-against-nonresident-motorists law (Secs. 506.200-506.320) nor Paragraph 3 of Sec. 537.020 subjects to the jurisdiction of Missouri courts the nonresident "legal representative" of a deceased nonresident motorist in an action for personal injuries caused by such deceased in the use of Missouri highways. No other Missouri statute does. It follows that the instant trial court acquired no jurisdiction over Bates' "legal representative."

We express no opinion as to the power of the legislature, once it *has* subjected such a nonresident "legal representative" to the jurisdiction of our courts and *has* provided for valid service of process upon him, to provide for the appointment of a "representative" to "defend" such an action against the "legal representative." But we can say that, even under instant plaintiff's theory, the trial court acquired no jurisdiction over Bates' nonresident "legal representative." As stated, plaintiff's theory is that Paragraph 3 and the actions-against-nonresident-motorists law (Secs. 506.200-506.320) do subject to the jurisdiction of our courts the nonresident "legal representative" of a deceased nonresident motorist in an action for personal injuries arising out of such deceased's use of the highways; that plaintiff's action is one against such "legal representative"; and that Curry, the "representative" appointed under Paragraph 3, is the official or agent designated by statute for service of process upon Bates' nonresident "legal representative."

■ Even so, neither Paragraph 3 nor any other Missouri statute provides for any notice whatsoever to the nonresident ■ "legal representative."[2] Statutes, purporting to subject a nonresident motorist himself to the jurisdiction of the courts of a state, must provide for notice reasonably calculated to reach the nonresident defendant and afford him an opportunity to appear and defend the action—some statutory method of informing him of the service of summons and of a copy of the petition upon the statute-designated official, of furnishing him with a copy of the summons and of the petition and of affording him a reasonable opportunity to appear and defend the action. (Note the two methods of notification to a nonresident motorist himself provided for in Secs. 506.200-506.320; also the method of notification to a nonresident motor carrier or contract hauler provided for in Sec. 508.070.) Otherwise, such statutes are violative of the due process clause of the Fourteenth

---

[2] As, upon the instant record, Bates was not the owner of property in Missouri when he died, we are not now concerned with any Missouri statutes relating to service of process upon the nonresident administrator or executor or other "legal representative" of a deceased nonresident motorist in an ancillary administration or other in rem action. See Secs. 466.010-466.090 and 506.160-506.190.

Amendment to the Constitution of the United States. Authorities supra. And see: Anno. 99 A.L.R. and the annotations it supplements; Welker v. Hefner, (D.C. Mo.) 97 F. Supp. 630, 632[2-4]; Halliday v. Burlington Transp. Co., (D.C. Mo.) 36 F. Supp. 108, 109[3].

By the same token: Statutes, the purpose of which is to subject the nonresident "legal representative" of a *deceased* nonresident motorist to the jurisdiction of the courts of a state in an action arising out of such deceased's negligence in the use of the highways of that state, must contain "all the procedural safeguards required for due process of law." See Leighton v. Roper, 300 N. Y. 434, 91 N.E. 2d 876, 881[4, 5]; authorities cited in Footnote 1. The absence of a Missouri statute providing for adequate notification to the nonresident "legal representative" of a deceased nonresident motorist compels the conclusion that (under plaintiff's own theory) Paragraph 3 is violative of the said due process clause. Authorities supra.

Plaintiff argues that if Bates' domiciliary administrator or his insurance carrier "actually received notice—even though such notice was not expressly compelled by the statute—could they sit back with actual notice and then come in and complain that they were denied their constitutional rights merely because the statute failed to require the notice that they had in fact received? We think not."

But, even if Curry or plaintiff's attorney had given actual notice to Bates' nonresident "legal representative" of the filing of this action and of the service of summons and of a copy of the petition upon Curry (neither did, upon the instant record), the trial court acquired no jurisdiction over Bates' nonresident "legal representative." Actual notice is not sufficient. Actual notice, given in any manner other than that prescribed by statute, cannot "supply constitutional validity to the statute or to service under it." Wuchter v. Pizzutti, supra, 48 S. Ct. 262[4]. Due process of law requires "notice directed by the statute itself, and not a voluntary or gratuitous notice resting in favor or discretion." Webb Packing Co. v. Harmon, 39 Del. 22, 196 A. 158, 162[6, 7].

The judgment is affirmed. *Van Osdol, C.,* dissents; *Coil, C.,* concurs in result.

PER CURIAM:—The foregoing opinion by Lozier, C., is adopted as the opinion of the court. All the judges concur.