Paul CRUMP, Ruth Crump, Gary Crump, by Paul Crump, his Next Friend, Brenda Crump, by Paul Crump, her Next Friend, Barbara Crump, by Paul Crump, her Next Friend, Patsy Crump, by Paul Crump, her Next Friend, Respondents,

v.

Tommy TREADWAY, Personal Representative of Rhea R. Brown, Deceased, Appellant.

No. 44334.

Supreme Court of Missouri.

Division No. 1.

March 14, 1955.

Ward & Reeves, Caruthersville, for appellant.

Harold D. Jones and William C. Batson, Jr., New Madrid, Web A. Welker, Portageville, for respondents. .

Harry C. Blanton, Sikeston, for amicus curiae. Blanton & Blanton, Sikeston, of counsel.

HOLLINGSWORTH, Judge.

This action originated in the Circuit Court of New Madrid County. This appeal, taken by defendant from a final judgment rendered in favor of plaintiffs, challenges the constitutionality of Paragraph 3 of Section 537.020, RSMo 1949, V.A.M.S., which provides:

"Where a nonresident of the state negligently causes such injury or death in this state, and such nonresident is killed or dies, the probate court of the county where the casualty occurred shall have power to appoint a representative of such deceased for the purpose of being sued and defending any such foregoing action herein."

(The phrase, "any such foregoing action herein", as used in Paragraph 3, refers to actions which, by Paragraph 1 of Section 537.020, survive against a deceased tortfeasor's "legal representative".)

Following change of venue to the Circuit Court of Stoddard County, plaintiffs recovered judgment against defendant in the sum of $28,400 for personal injuries sustained on November 9, 1952, in a collision between an automobile occupied by plaintiffs and an automobile operated by Rhea R. Brown in New Madrid County, Missouri. Rhea R. Brown also sustained injuries in the collision, from which she died within a few hours thereafter. She was a resident of the State of Illinois.

On March 30, 1953, plaintiffs filed an application in the probate court of New Madrid County for the appointment of a representative of Rhea R. Brown, deceased, for the purpose of being sued and defending any action that might be brought as a result of the injuries sustained by them in the collision, as provided by Paragraph 3 above set forth. The application alleged

the collision and plaintiffs' resultant injuries, negligence of Rhea R. Brown causing the collision, her residence in Illinois, her death, and that she had no property in the State of Missouri. The probate court thereupon appointed defendant as the "personal representative of Rhea R. Brown, deceased, in accordance with Section 537.020." On April 18, 1953, this suit was filed in the Circuit Court of New Madrid County and summons was served upon defendant. At the instance of plaintiffs, defendant signed and caused a letter to be mailed to Country Mutual Casualty Company, of Illinois, but he did nothing with the summons and has never given any notice of any kind to the domiciliary legal representative, heirs or other beneficiaries of the estate of Rhea R. Brown.

It is admitted that the attorneys for defendant in the trial court and on this appeal are also employed by the Country Mutual Casualty Company. It may also be inferred from the evidence that Rhea R. Brown held some kind of a policy of liability insurance in said company, but there is no evidence that said company does, or is licensed to do, business in this state.

At the trial, by motion to dismiss, defendant contended and on this appeal contends that, in failing to provide for notice reasonably calculated to reach the nonresident legal representative of Rhea R. Brown, Paragraph 3 is violative of the due process clauses of the Federal and State Constitutions, U.S.Const. Amend. 14; V.A.M.S. Const. art. 1, § 10, and that the judgment rendered herein is void. In support of this contention, he cites: Wuchter v. Pizzutti, 276 U.S. 13; 19–20, 48 S.Ct. 259, 260–261, 72 L.Ed. 446, 57 A.L.R. 1230; Halliday v. Burlington Transp. Co., D.C., 36 F.Supp. 108, and numerous other cases of like import. We so held in the recent case of Harris v. Bates, 364 Mo. 1023, 270 S.W.2d 763, and defendant's contention must be sustained unless, as urged by plaintiffs, the judgment herein has some efficacy as a judgment *in rem*.

Plaintiffs concede that the judgment is not valid insofar as it purports to be a binding judgment *in personam* against the estate of Rhea R. Brown. In one place in their brief they say there is "no danger of injury to the domiciliary administrator or executor, the heirs at law, or any other devisees, legatees, or beneficiaries of the deceased non-resident, [in] failing to receive notice of the service on the Missouri Personal Representative, as any judgment against the Missouri Personal Representative, is not entitled to Full Faith and Credit outside Missouri and is not binding upon and does not affect the Estate of the deceased tortfeasor in the domiciliary State of Illinois, or any other State."

In another place in their brief, plaintiffs' say: "It appears from this context (Paragraph 3) that the administrator (New Madrid County-probate court-appointed-representative) thus appointed was not intended to have the powers and duties granted to executors and administrators generally under Missouri administration statutes, but that said administrators are special officers whose powers and duties are limited to those specifically provided by said paragraph. This is the only statutory power of the defendant at bar and he lacks the power to administer a non-resident's property which would be done in accordance with the regular administration statutes. Title to any such property that might be brought into Missouri would be held by the domiciliary administrator or the heirs after distribution by him, and could not be subjected to execution by plaintiffs who hold a judgment against the defendant, who is a special officer appointed solely for suit." Plaintiffs also say that "the intent and purpose of the legislature (in enacting Paragraph 3) was to provide a means for an injured person to reach the tortfeasor's liability insurance * * *."

Plaintiffs then take the position that Paragraph 3 "gives legislative sanction to what other states have been doing without such a statute, but only by judicial decision." They cite in support thereof the cases of Robinson v. Dana's Estate, 87 N.H. 114, 174 A. 772, 94 A.L.R. 1437, and Furst v. Brady, 375 Ill. 425, 31 N.E.2d 606, 133

A.L.R. 558. In those cases, it was held that the protection afforded by a policy of liability insurance issued by an insurer against whom it is enforceable in the courts of the state meets the jurisdictional requirements of an asset in the state in which the appointment of an administrator of the estate of a nonresident insured is sought for the purpose of bringing an action on the liability insured against. In those cases the statutes of each state relating to administration of the estates of decedents were the basis of the conclusion reached, as above stated. They are not in point. Paragraph 3 neither expressly nor by implication clothes the defendant "representative" with the powers of an administrator, and plaintiffs so admit. The order herein made by the probate court does not purport to have been made under authority of Chapter 466 RSMo 1949, V.A.M.S., relating to the administration of the estate of nonresident decedents. Furthermore, the sole and limited purpose of the power vested in the representative appointed under the provisions of Paragraph 3 is that of "being sued and defending *any such foregoing action herein.*" (Emphasis ours.) In Harris v. Bates, supra, 270 S.W.2d 763, 766–767 [5], we held that Paragraph 3 did not purport to provide for the appointment of a "legal representative" or a "personal representative" of the deceased nonresident tort-feasor, and that we could not construe the term "representative" as used in Paragraph 3 as meaning the "legal representative" referred to in Paragraph 1 of Section 537.-020; and, we concluded, 270 S.W.2d loc. cit. 768 [9], "the cause of action survives only against the 'legal representative' of a deceased nonresident [tort-feasor] and Paragraph 3 contains no provision for survival against the Missouri-probate-court-appointed 'representative.'" Hence, it is clear that the cause of action did not survive against defendant herein and no valid judgment could be rendered against the estate of Rhea R. Brown in the instant action.

Plaintiffs also contend that defendant "cannot complain of some possible injury to others, but to challenge the consti-

tutionality of the statute, he must show injury to himself." Plaintiffs are estopped from taking such a position. They procured the appointment of defendant as the representative of Rhea R. Brown, deceased, for the purpose of being sued and *defending* this action. Defendant accepted the appointment. It thereby became his duty to defend the action by every legal means available.

The judgment is reversed.

All concur.