James DRINKARD, (Plaintiff) Respondent,

v.

EASTERN AIRLINES, Inc., a Corporation, Garnishee,

and

William J. Morrison, (Defendant) Appellant.

No. 29393.

St. Louis Court of Appeals. Missouri.

May 15, 1956.

Vatterott & Shaffar, St. Ann, for appellant.

Walter J. Kramer, St. Louis, for respondent.

MATTHES, Judge.

Defendant has appealed from the order of the trial court overruling his motion to quash execution.

The motion to quash was bottomed on the premise and theory that the judgment which formed the basis for the execution was a nullity because of want of service of process upon the defendant. That being defendant's position, the remedy resorted to is proper since the rule is that a motion to quash will test the question of whether a judgment is a nullity and void because of no service. Brown v. Langlois, 70 Mo. 226; Weniger v. Weniger, Mo.App., 32 S.W.2d 773, loc. cit. 774, wherein the court enumerates grounds for attacking an execution by motion to quash.

In presenting the motion to the trial court the parties failed to offer any evidence on the vital and basic question for decision. As a result of this omission the transcript

before us presents only an affidavit by plaintiff in the nature of a petition for garnishment, and defendant's verified motion to quash the execution. Fortunately this meager record is supplemented by certain admissions appearing in the briefs, and from the record and these admissions we glean these facts.

Defendant was involved in an automobile collision in St. Louis, Missouri, on July 22, 1953. At that time plaintiff was a Missouri resident, and defendant was a resident of the State of New York. Defendant was a pilot for Eastern Airlines, Inc., and while in St. Louis between flights he stayed at the Chase Hotel, 212 North Kingshighway, St. Louis, Missouri. Defendant displayed his New York driver's license to the police and to plaintiff, and gave to them the Chase Hotel address. In time plaintiff instituted a suit in the Magistrate Court of St. Louis, Missouri, and caused summons to be issued, which the constable attempted to serve on the defendant at the Chase Hotel. Not being successful, the constable made a "not found" return. Thereafter, at plaintiff's request, an alias summons was issued and sent to the Sheriff of Cole County for service on the Secretary of State pursuant to Section 506.240, V.A.M.S. (all statutory references are to V.A.M.S.). Because no return was made thereon another summons was issued. Service was had thereunder on the Chief Clerk of the Secretary of State, on April 19, 1954. In his petition plaintiff alleged defendant's last known address was Chase Hotel, 212 North Kingshighway, St. Louis, Missouri. The Secretary of State's office sent, by restricted registered mail, notice, summons, and petition to the defendant at that address. On October 20, 1954, a judgment by default was rendered against defendant in the amount of $450. A transcript of the judgment was filed in the office of the Circuit Clerk of the City of St. Louis, and in time the execution was issued.

The precise point raised by defendant is that the provisions of our long arm statute, Sections 506.200 through 506.320, do not authorize service by mail of notice, copy of process, and petition upon the defendant at a temporary address in the State of Missouri, and that the mailing of such documents by the Secretary of State to the defendant at the Chase Hotel was without authority of law and insufficient to form the basis of a valid judgment. This contention must be sustained.

Inasmuch as the statute provides for substituted service of process on nonresident motorists, it must be strictly construed. Odley v. Wilson, 309 Ky. 507, 218 S.W.2d 17, loc. cit. 19; Paxson v. Crowson, 8 Terry 114, 47 Del. 114, 87 A.2d 881; Blashfield's Cyclopedia of Automobile Law and Practice, Vol. 9A, Sec. 5914, p. 350, Notes 30 and 30.5; 5 Am.Jur., Automobiles, Sec. 591, p. 830; 61 C.J.S., Motor Vehicles, § 502, p. 152, Note 17.

Much has been written with respect to validity of statutes subjecting a nonresident motorist to the jurisdiction of the courts of the state wherein the nonresident, as the result of the use of the highways, has become involved in a motor vehicle collision. See Sections 5913 through 5916, pp. 317 to 374, Vol. 9A, Blashfield's Cyclopedia of Automobile Law and Practice; 61 C.J.S., Motor Vehicles, § 502, pp. 149 through 166. Generally the principle has been laid down that statutes which are designed to subject a nonresident motorist to the jurisdiction of the courts of a state must provide for notice reasonably calculated to reach the nonresident who has been sued and afford him an opportunity to appear and defend the action.[1] This principle has received sanction and approval in this jurisdiction, Harris v. Bates, 364 Mo. 1023, 270 S.W.2d 763, loc. cit. 767, wherein the court said, in discuss-

1. Wuchter v. Pizzutti, 276 U.S. 13, 48 S. Ct. 259, 72 L.Ed. 446, 57 A.L.R. 1230; Hess v. Pawloski, 274 U.S. 352, 47 S. Ct. 632, 71 L.Ed. 1091; Welker v. Hefner, D.C.E.D.Mo., 97 F.Supp. 630; Mahony v. Witt Ice & Gas Co., D.C. W.D.Mo., 131 F.Supp. 564; Grote v. Rogers, 158 Md. 685, 149 A. 547; 5 Am.Jur., Automobiles, Sec. 590, pp. 829, 830; 61 C.J.S., Motor Vehicles, § 502, p. 162; Annotations, 99 A.L.R., at page 131.

ing the power of the state to enact long-arm legislation, that such a statute must provide, " * * * for service of process consisting of both (a) the designation of the official upon whom summons may be served and (b) a provision for adequate notification to the nonresident motorist".

The gist of plaintiff's contention is that in the absence of a provision expressly requiring the last known address to be one where the notification of the suit is reasonably calculated to reach the defendant, that irrespective of all other circumstances, there is a sufficient compliance with the statute if such papers are mailed to the defendant "at his last known address", whether within or without the state. If plaintiff's contention is sound, then regardless of the period of time a nonresident motorist may be at the temporary Missouri address, the mere mailing of the notice, summons, and petition to such address would warrant the rendition of a judgment.

The instant case illustrates clearly and forcibly the injustice that can result if plaintiff's concept of the statute is adopted as the law of this state. Not only was plaintiff advised that defendant was a resident of New York, but plaintiff learned at the same time that defendant was in the City of St. Louis only on occasions when he was required to remain between flights as a pilot for the Eastern Airlines, Inc. On those occasions the defendant stayed at the Chase Hotel, which knowledge was imparted to plaintiff. Apparently no effort was made by plaintiff at the time of the collision to secure defendant's New York address, although there was an opportunity to obtain this information, either directly from defendant or from his driver's license. Plaintiff chose to consider the Chase Hotel address as defendant's last known address, and eventually used that address as the basis for completing service upon defendant under the long arm statute. The collision out of which the litigation arose occurred on July 22, 1953, when plaintiff acquired the information relied upon for service of process. Nearly nine months intervened between that date and April 19, 1954, when summons was served upon the Secretary of State. Nothing appears in the

record to indicate that defendant was at that time staying at the Chase Hotel. We indulge in the opposite inference because an officer who attempted to personally serve the defendant at the hotel was unable to find him there, furthermore the notification from the Secretary of State was not received by the defendant at the Chase Hotel.

■ The conclusion is inescapable that the principle requiring a statutory notice reasonably calculated to reach the nonresident would be destroyed if we ruled that the procedure followed in this case was within the contemplation of Section 506.240. The effect of our holding will be to require a plaintiff desiring to subject a nonresident to the jurisdiction of our courts to exercise some diligence in ascertaining the last known address of the nonresident motorist where the suit papers are reasonably calculated to reach him. This is not an unreasonable requirement and seems to be a recognized principle of law. In 61 C.J.S., Motor Vehicles, § 502, page 164, it is said: "Plaintiff must exercise due diligence to ascertain the last known address of the nonresident motorist, and, as far as it is reasonably possible to ascertain the address, plaintiff must do so at his peril." In Wuchter v. Pizzutti, supra, the Supreme Court of the United States, in an exhaustive opinion dealing with the validity of the long arm statute of New Jersey, in addressing itself to the reasonableness of provision for service, stated it was necessary to consider the situation of both parties, and said in connection with the duty of the person injured: "The burden is necessarily on him to investigate and learn. In finding out who it was, and whether the person is of such financial responsibility as to warrant a suit, he almost necessarily will secure knowledge of his postoffice address or his place of residence, and thereby be enabled to point out how notice may be communicated to him. With this information at hand the state may properly authorize service to be made on one of its own officials, if it also requires that notice of that service shall be communicated to the person sued." 276 U.S. loc. cit. 20, 48 S.Ct. loc. cit. 261, 57 A.L.R. loc. cit. 1234.

Our holding that the long arm statute is not designed to authorize notification to the nonresident defendant at a temporary address in this state will not deprive the plaintiff of, or cut down, his rights. He can provide the state official with the last known address of the nonresident defendant where notice of the suit is reasonably calculated to reach him; or if the nonresident is in this state for a sufficient period of time, the plaintiff may follow the procedure originally resorted to by plaintiff herein without success, and have the defendant personally served in this state. In either event the defendant will have been legally notified of the suit, and he will be afforded an opportunity to have his day in court.

From what has been said it is clear there was no valid service upon the defendant. Consequently the judgment was a nullity and could not support the execution issued thereon.

The judgment is reversed and cause remanded with directions to quash the execution.

RUDDY, Acting P. J., and NOAH WEINSTEIN, Special Judge, concur.