**Paul Franklin TOWE, Plaintiff,**

v.

**Edith Josephine GIOVINETTI,**
**Defendant.**

**No. 1569.**

United States District Court
W. D. Missouri, S. D.

April 30, 1958.

Charles W. Dickey, Springfield, Mo., for plaintiff.

E. C. Haseltine, Springfield, Mo., for defendant.

R. JASPER SMITH, District Judge.

Defendant, appearing specially, moves to quash process and purported service thereof and to dismiss the action pending on the ground that plaintiff has not complied with the Missouri Non-resident Service of Process statutes (Sections 506.200 to 506.300, V.A.M.S.) and that the defendant was not actually served with a copy of the summons.

The action was instituted March 7, 1958, in the Circuit Court of Greene County, Missouri. Summons was issued directed to the defendant at 1805 North 13th Street, Kansas City, Kansas, and was served at the Office of the Secretary of State at Jefferson City, Missouri, on March 10, 1958. On the same date, as required by the Missouri statute, the summons was mailed by restricted registered mail at the address shown and subsequently was returned by the postal authorities with the notation that defendant was "not at that address" and delivery was not completed.

Defendant, by this motion, challenges the validity of that service claiming that she would be deprived of her property without due process of law, in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States and in violation of Article 1, Section 10, of the Constitution of the State of Missouri, V.A.M.S.

The case of Williams v. Shrout, Mo.App., 294 S.W.2d 640, certiorari denied 77 S.Ct. 719, 353 U.S. 929, 1 L.Ed.2d 723, effectively disposes of that contention if the record stopped there. That case makes it plain that the statutes in question do not require actual delivery to defendant in order to make a valid service and, in fact, holds that the use of the language "last known address" indicates that the Legislature did not intend to make delivery essential in the service of process.

Defendant goes further than the area considered in the Williams case however, and in her motion points out that defendant's "last known address" actually was a drugstore where defendant was in training as a fountain manager approximately a year before the suit was filed; that it was an admittedly temporary address at that time, and is not and should not be considered reasonably a "last known address" within the purview of the statute.

In Wuchter v. Pizzutti, 276 U.S. 13, 48 S.Ct. 259, 72 L.Ed. 446, 57 A.L.R. 1230, the Supreme Court, dealing with the validity of the Long-arm Statute of New Jersey, ruled that it was the duty of the person injured to investigate and learn. In finding out who the defendant was, and whether he is of such financial responsibility as to warrant a suit, the injured party almost necessarily will secure knowledge of his post office address or his place of residence, and thereby be enabled to point out how notice may be communicated to him. With this information at hand, the State may properly authorize service to be made on one of its own officials, if it also requires that notice of that service shall be communicated to the person sued.

Thus in order to afford a defendant substantive due process, provision must be made for notice reasonably calculated to reach the defendant. See Welker v. Hefner, D.C., 97 F.Supp. 630; Drinkard v. Eastern Airlines, Mo.App., 290 S.W.2d 175; Harris v. Bates, 364 Mo. 1023, 270 S.W.2d 763. I am of the opinion that under the present state of the record the averment and the motion setting out the "admittedly temporary" character of the residence of defendant without contravention by plaintiff, is sufficient to justify an order quashing the process.

I should note in passing that I am seriously tempted in this case to enter an order dismissing this action for failure to prosecute. Presumably a plaintiff is the party most interested in securing proper service and in upholding the validity of such service as he has, but in this case the plaintiff has not seen fit to file suggestions, counter-affidavits, or anything else to support his position.

The motion to quash process and purported service thereof is sustained, and the cause is dismissed without prejudice to further procedures after valid service is obtained.

It is so ordered.