Mable Bernice SAFFEELS, Plaintiff,

v.

Harvey C. FRUEHAUF, and Harry S. Link, Defendants.

No. 1936.

United States District Court
W. D. Missouri, S. D.

Nov. 2, 1962.

Bussell & Hough, Springfield, Mo., for plaintiff.

Miller, Fairman, Sanford, Carr & Lowther, Springfield, Mo., for defendants.

JOHN W. OLIVER, District Judge.

Defendant Fruehauf, in this case removed from the State court, has filed a motion to quash issuance of summons and purported service of summons and return. That motion alleges that although service was attempted in the State court pursuant to the Missouri Non-Resident Service of Process statute, defendant Fruehauf did not receive the statutory notice and copy of process and petition. Defendant Fruehauf's motion further alleges that "in accordance with the case of Parker v. Bond, Mo., 330 S.W.2d 121 * * * unless the return receipts signed by the addressee or a statement 'by the Postal Authorities that the addressee refused to receive and receipt for such mail' the Court acquires no jurisdiction".

Parker v. Bond did not involve the factual situation involved in this case. Nor does it control this case. That case involved the validity of a judgment being tested in a garnishment proceeding in which the statutory summons was returned unclaimed and in which there was no question but that the defendant did not in fact receive notice of the pendency of the action.

The Supreme Court of Missouri assumed that the Missouri statute was not unconstitutional and carefully pointed out that "Section 506.260 provides that, in lieu of mailing 'plaintiff may cause said notification to be personally served in the foreign state on the defendant' ".

Parker v. Bond does not intimate that the Missouri statute is deficient in regard to its notice requirements, or that the notice constitutionally required by Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091, and by Wuchter v. Pizzutti, 276 U.S. 13, 48 S.Ct. 259, 72 L.Ed. 446, may not be made by a method other than mail. It is clear, of course, that if a state statute does not make any provision for any notice to a non-resident defendant, it is not constitutional; but none of the cases hold that if a constitutional statute is involved, that service under such a statute may only be made by mail, as distinguished from personal service.

Parker v. Bond, in explanation of its quite narrow decision in a garnishment proceeding, stated that if a plaintiff "cannot get a receipt signed by the defendant, or with the required statement of refusal to receive on it, then he must proceed by the personal service method to get the defendant into court".

While it is true that Parker v. Bond overruled Williams v. Shrout, (Mo.App. 1956) 294 S.W.2d 640, cert. denied 353 U.S. 929, 77 S.Ct. 719, 1 L.Ed.2d 723, it is also true that neither of those Missouri cases passed upon a factual situation in which a defendant had, in fact, either by personal service under Section 506.260 or by some other method, received actual notice and a copy of the plaintiff's petition after service had been obtained on the Secretary of State.

When Judge Smith ruled in Towe v. Giovinetti, (W.D.Mo.1958) 164 F.Supp. 159, that Williams v. Shrout effectively disposed of any constitutional argument against the validity of Missouri's Non-Resident Service of Process statute, he did so on much broader ground than any application of the doctrine of the Erie

case, Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. In fact, Judge Smith's decision had to rest on broader ground because the determination of the State court is not binding on this Court in regard to Federal constitutional questions.

In this case, defendant Fruehauf obviously obtained some sort of notice that he was being sued in Missouri and that his appointed agent, the Secretary of State of Missouri, had been served. He joined defendant Link in petitioning for the removal of this case and a copy of the State court petition is attached to the joint petition for removal.

It is not clear, however, how defendant Fruehauf received that notice. It is entirely possible that before removal to this Court he may have been personally served, pursuant to § 506.260. The record is presently silent on that score.

The factual answer to how he may have received actual notice, however, may well be academic because Section 1447(a) of Title 28 United States Code, provides that "in any case removed from a State court, the district court may issue all necessary orders and process to bring before it all proper parties whether served by process issued by the State court or otherwise". In addition, Rule 4(d) (7) provides that service on defendant Fruehauf in this case may be made "in the manner prescribed by any statute of the United States or in the manner prescribed by the law of the state in which the service is made for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state".

Setterlund v. Spierer, (W.D.Mo.1951) 11 F.R.D. 601, Clancy v. Balacier, (S.D.N.Y.1939) 27 F.Supp. 867, and Holbrook v. Cafiero, (D.C.Md.1955) 18 F.R.D. 218, make clear that had this action been brought originally in this Court, plaintiff would be entitled to obtain service under the Missouri Non-Resident Service of Process statute.[1]

Judge Miller's decision in Fritchey v. Summar (W.D.Ark.1949) 86 F.Supp. 391, makes clear that service may be obtained upon a defendant after removal in the same manner as service could be obtained had the case been brought originally in the Federal Court.[2]

It is therefore apparent that the ground urged by defendant Fruehauf in his motion to quash is untenable.

Practical considerations suggest that before any order is made in regard to the pending motion plaintiff be given an opportunity to inform the Court whether before removal, service was in fact obtained pursuant to Section 506.260 or, in the alternative, to inform the Court whether plaintiff intends to have process issued by this Court in accordance with the power conferred by the Statute and rule above discussed.

Plaintiff will therefore be granted five (5) days within which to inform the Court in regard to the matters indicated.

IT IS SO ORDERED.

---

1. No problem of limitation is involved in this case as was involved in Bond v. Golden, (10th Cir. 1959) 273 F.2d 265.

2. Fritchey v. Summar is cited particularly on the validity of the service as to the individual defendant, Mrs. Summar who was the owner of the automobile involved in an Arkansas collision. It should be noted that Section 506.200, V.A.M.S. 1959, defines the term "person" as "the *owner* of the motor vehicle or trailer, whether it is being used and operated personally by said owner or by his agent".