STATE of Missouri ex rel. M. PRESSNER
AND COMPANY, Inc., and Jeryco Plas-
tics Corporation, Relators,

v.

Honorable Michael J. SCOTT, Judge of the
Circuit Court of the City of St.
Louis, Respondent.

No. 50972.

Supreme Court of Missouri,

In Banc.

March 8, 1965.

Paul W. Lashly and Hiram W. Watkins, Lashly & Neun, St. Louis, for relator, M. Pressner & Co., Inc.

Fred B. Whalen and Warren Grauel, Whalen, O'Connor, Grauel & Sarkisian, St. Louis, for relator, Jeryco Plastics Corp.

Allen J. Roth, J. C. Jaeckel, Moser, Marsalek, Carpenter, Cleary & Jaeckel, St. Louis, for respondent.

EAGER, Chief Justice.

This is an original proceeding in prohibition instituted in this Court. We issued our provisional rule and the respondent filed his return. All the facts essential to a determination of the question of jurisdiction are conceded, and the question is one of statutory construction. More specifically, the issue is the validity of an attempted service of process on two unregistered foreign corporations under § 351.630,[1] as

---

1. Statutory references are to RSMo 1959, V.A.M.S., unless otherwise stated.

amended by Laws 1961, pp. 257–258, Cum. Supp.1963. Substantially the same amendment was made of § 355.375, at the same time and in the same bill.

On February 11, 1964, a suit for personal injuries was filed in the Circuit Court of the City of St. Louis by William Jerry Callow, a minor, by next friend, against the relators herein both of which are New York corporations. Neither corporation has registered in Missouri nor does either admit that it is doing, or has done, business in Missouri. Plaintiff is a resident of Missouri; he alleged in Count I negligence in the manufacture, sale, and distribution of a plastic slingshot which allegedly broke, injuring plaintiff's eye to such extent that it was later removed. The article was sold in St. Louis, and the injury occurred there; the slingshot allegedly broke because the plastic portion was "defective, weak and insufficient," the rubber bands were too strong, and the article had not been tested or inspected. In a second count plaintiff charged a breach of warranty. Upon the title of the petition (and copies) plaintiff's counsel endorsed the supposed New York City address of each defendant. Summons was issued to both defendants and it was served on February 18, 1964, by the Sheriff of Cole County on the Chief Clerk of the Secretary of State, together with copies of the petition. The affidavit of the Chief Clerk shows that a copy of the summons and a copy of the petition, together with a notice of the service of process upon him, were mailed to each defendant on February 18, 1964, by restricted, registered mail, "Deliver to Addressee only," with a request for a return receipt or a statement as to the disposition. In due time return receipts were filed showing receipt of the papers by the Secretary of each corporation. The Secretary of State has since issued certificates stating that there were no "records" in his office which showed that either corporation had ever registered in his office; an officer of each corporation has executed an affidavit to the effect that it had never given to the Secretary of State, for his

records or otherwise, the address of its principal office or any other address, and that it had never had a certificate of authority from the State of Missouri.

Each defendant filed a motion to quash the service of summons. It will not be necessary to detail the sundry allegations of those motions; it will suffice to say that the respective motions raised all of the points which we will consider or mention in this opinion. These motions were overruled and the petition for a writ of prohibition followed.

Prior to 1961, Section 351.630 provided for service of process upon any foreign corporation licensed to do business in Missouri, by service upon its registered agent or, if none be found or if its certificate had been forfeited, then upon the Secretary of State as its agent for service. The first paragraph of the section (as thus digested) ended with the following sentence: "In the event that any process, notice, or demand is served on the secretary of state, he shall immediately cause a copy thereof to be forwarded by registered mail, addressed to such corporation at its principal office as the same appears in the records of the secretary of state." Paragraphs 2 and 3, respectively, permitted service in any other manner lawfully provided, and required the Secretary of State to keep a record of all "processes, notices, and demands served upon him under this section."

In 1961, the legislature inserted into the said section as paragraph 2 the following: "2. If a foreign corporation commits a tort, excepting libel and slander, in whole or in part in Missouri against a resident or nonresident of Missouri, such acts shall be deemed to be doing business in Missouri by the foreign corporation and shall be deemed equivalent to the appointment by the foreign corporation of the secretary of state of Missouri and his successors to be its agent and representative to accept service of any process in any actions or proceedings against the foreign corporation arising from or growing out of the tort.

Service on the secretary of state of any such process shall be made by delivering to and leaving with him or with any clerk having charge of the corporation department of his office, duplicate copies of the process. The committing of the tort shall be deemed to be the agreement of the foreign corporation that any process against it which is so served upon the secretary of state shall be of the same legal force and effect as if served personally within the state of Missouri."

At the same time the legislature removed the last sentence (quoted above) from the end of paragraph one and inserted it as a new paragraph 3, with only the addition of the words "return receipt requested" and "secretary of such" (corporation) so that the sentence, now paragraph 3, reads as follows: "3. In the event that any process, notice, or demand is served on the secretary of state, he shall immediately cause a copy thereof to be forwarded by registered mail, return receipt requested, addressed to the secretary of such corporation at its principal office as the same appears in the records of the secretary of state." It is obvious that the legislature sought to make the directions just quoted applicable both to the old paragraph 1 and to the new paragraph 2, but we cannot assume that, in so transposing the sentence, it meant to change the basic meaning of the words therein. The title of the 1961 Act was as follows: "AN ACT to repeal sections 351.630 and 355.375, RSMo 1959, relating to service of process on foreign corporations, and to enact in lieu thereof two new sections relating to the same subject." The same changes were made in Section 355.375 (appearing in the chapter on "General Not for Profit Corporation Law"), except for immaterial differences in form, but we are not concerned here with "Not for Profit Corporations."

█ The total lack of logic in the shifting of this directory sentence appears from the fact that the Secretary of State admittedly had records in his office concerning all foreign corporations which were licensed or had been licensed, but that he would have no *records*, at least in any ordinary sense of the word, of the address of the principal office of any foreign corporation which had never sought to register in Missouri. Respondent seeks to uphold the service and the statute upon the theory that the statute requires no particular type of record of the address of such principal office, that an address furnished by plaintiff's counsel by endorsement on the petition becomes a "record" which the Secretary of State is required to keep, that the official thus complied with the requirements of a valid statute, and that the notices, having actually been received, were sufficient to answer all legal requirements. We cannot construe so loosely the term "addressed to the secretary of such corporation at its principal office as the same appears in the records of the secretary of state." The term "records" of the Secretary of State has, over the years, come to acquire a rather definite and fixed meaning; we construe the term to mean those records which are made, filed or deposited there pursuant to some law, usually a statute. The kinds of "records" which the Secretary of State receives and keeps concerning foreign corporations are illustrated by § 351.580; that information is furnished by the corporation itself, in order to procure a certificate of authority. There was and is no provision of § 351.630 requiring or directing the present plaintiff or his counsel to furnish these addresses to the Secretary of State. The act was gratuitous and it was not done pursuant to the statute. The Secretary of State cannot conceivably have any "records" of an unlicensed, foreign corporation. The use of the directory sentence in its present location is simply an anomaly.

█ It has long been held that statutes extending the jurisdiction of a state over nonresidents must be strictly construed. Swarts v. Christie Grain and Stock Co. (CC Mo.), 166 F. 338; Drinkard v. Eastern Airlines, Inc., Mo.App., 290 S.W.

2d 175; Harris v. Bates, 364 Mo. 1023, 270 S.W.2d 763. And it has been held very specifically that such a statute must, by its terms, provide for a means of notice which makes it reasonably probable that the non-resident will receive actual notice. Wuchter v. Pizzutti, 276 U.S. 13, 48 S.Ct. 259, 72 L.Ed. 446, 57 A.L.R. 1230, Parker v. Bond, Banc, Mo., 330 S.W.2d 121, Harris v. Bates, supra; Towe v. Giovinetti (WD Mo.), 164 F.Supp. 159. And even actual notice, gratuitously furnished under a statute which does not contain adequate requirements for notice, is insufficient, Wuchter v. Pizzutti, 276 U.S. 13, 48 S.Ct. 259, 72 L.Ed. 446, 57 A.L.R. 1230; Harris v. Bates, 364 Mo. 1023, 270 S.W.2d 763, for such a statute does not meet the requirements of due process. And consider, also, Parker v. Bond, supra. We hold that § 351.630 does fail to provide, within itself, a method which would assure a reasonable probability of actual notice to the defendant and for that reason fails to meet the requirements of due process. We do not reach the broader constitutional question, namely, whether the statutory provisions fixing jurisdiction because of the commission of a tort "in whole or in part in Missouri," as applied to the allegations of the petition in this case, would constitute a deprivation of due process.

The primary and obvious reason for holding the service here to be invalid is simply that the statute provided for an impossible means of notice, there being no "records" of unlicensed corporations in the Secretary of State's Office, and it provided no other method of notice. There could be, and was, no compliance with the statute. We have not been cited to the statute of any state which is similar to that of Missouri. Of those which provide for the assumption of jurisdiction upon the commission of a tort within the state, and sometimes also upon the execution or performance of a contract in the state, all provide: first, for service of process in the state upon a designated state official; and secondly, for the mailing by such official by registered mail of a copy of the process, etc., to the last known address of the defendant (Vol. 20, Minn.St.Ann., Ch. 303, § 303.13, subd. 1(3), Laws 1957, c. 538) or to the address of its principal office or place of business (41 Iowa Code Ann., § 617.3, Laws 1961, c. 287; West Virginia Code 1961, Ch. 31, Art. 1, § 3083(71); Vermont St. Ann., Title 12, § 856). In Vermont and West Virginia the statutes provide that such principal place of business shall be stated "in such process"; in Texas (Vernon's Texas Ann.Civ.St., Title 42, Art. 2031b, Sec. 5), it is made the official's duty to "require a statement of the name and address of the home or home office of the non-resident." In North Carolina (Gen.St.N.C., Vol. 2B, Ch. 55, § 55-146) the process is to be mailed to the corporation at its principal office "as it appears in the records of the Secretary of State" or, if there is no such address on file, then to the corporation at its office *"as shown in the official registry of the state of its incorporation."* All of these statutes are broader than our § 351.630; some of them, as thus seen, permit or require that the plaintiff or his counsel furnish a statement of the defendant's address. The vice of our statute is that it does not do so; the furnishing and use of such information gratuitously is not permissible as a constitutional basis for outstate service by mail.

There are precedents in the Missouri statutes for nonresident service. Those most frequently used and referred to are the so-called "Long-Arm" Statutes, §§ 506.200–506.320, providing for service on nonresident motorists. These have been construed by the courts. Parker v. Bond, supra; Harris v. Bates, supra; State ex rel. Sullivan v. Cross, Mo., 314 S.W.2d 889; Towe v. Giovinetti (WD Mo.), 164 F.Supp. 159; and see Civil Rule 51.14, V.A.M.R. The mailing provision of § 506.240 is as follows: "2. The secretary of state shall immediately mail to the defendant, and to each of them if there be more than one, by restricted, registered mail, addressed to

the defendant at his last known address, residence or place of abode a notice of such service and a copy of such process and petition." Section 506.270 provides for the filing of the registry receipt. Such provisions do not preclude the furnishing, bona fide, of defendant's address to the Secretary of State, and the service has been held to be complete upon the filing of the return registry receipt or of a statement by the postal authorities that the defendant has refused to accept the mailing. Parker v. Bond, Banc, Mo., 330 S.W.2d 121.

The respondent says that the case of McGee v. International Life Insurance Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223, constitutes authority for upholding the service here. The Court there merely decided that the defendant had sufficient connection with the State of California to meet the requirements of due process; it did not in any sense pass upon the mode of notification or the statutory requirements for notification. The decision is not applicable. We are not deciding whether there was here such a "substantial connection" with Missouri as to permit service. The McGee opinion is, however, an illustration of the ever-shrinking concept of the standards required for outstate service of process.

We note, in passing, a well written article dealing with the present statute in 31 University of Kansas City Law Review 292; it is concerned largely with the constitutionality of the statute as a means of acquiring jurisdiction over a nonresident. It is worth consideration in any future review of the statute, but we do not reach that substantive question here. This Court had occasion to examine § 351.630 in the case of State ex rel. Clay Equipment Corp. v. Jensen, Banc, Mo., 363 S.W.2d 666, but the decision did not affect the questions now before us.

We note, one further point made by relators, in view of the possibility of future legislation. They say that the 1961 amendment of § 351.630 was also unconstitutional because violative of Art. V, Section 5 of the Missouri Constitution, V.A.M.S. which provides that a rule of the Supreme Court " * * * may be annulled or amended by a law limited to the purpose," and for the further asserted reason that it violates Section 23 of Art. III, providing that "No bill shall contain more than one subject which shall be clearly expressed in its title, * * *." Our Rule 54.06(c) (2) is substantially identical with paragraphs 1 and 3 of § 351.630 as they existed prior to the 1961 amendment. Paragraph (c) (1) of the Rule is the same as § 506.-150 with which we are not concerned here. The addition of new paragraph 2 to § 351.-630 did purport to amend that Rule, and the legislative act made no reference to the Rule. This was not in compliance with the constitutional requirement. However, the subject-matter of new paragraph (2) of the statute, which seeks to subject non-licensed foreign corporations to the jurisdiction of Missouri upon the commission of torts in this state, is so markedly different from the purport and meaning of paragraph (1), which merely provides a mode of service upon corporations which have voluntarily subjected themselves to the jurisdiction, that such legislation (i. e., such as paragraph 2) might well be enacted as a separate section dealing with a different subject and, therefore, not amendatory of the Rule or offending the constitutional restriction. We do not need to discuss the objection now made to the title of the 1961 Act; nor do we discuss the amendment of § 355.375 by the 1961 Act, for Chapter 355 deals with subjects with which we are in nowise concerned here.

It is ordered that the provisional rule heretofore issued be made absolute.

STORCKMAN, HYDE, HOLMAN, HENLEY and FINCH, JJ., and STONE, Special Judge, concur.

DALTON, J., not sitting.