James PARKER, Appellant,

v.

Jennings Smith BOND, Defendant,

Georgia Casualty and Surety Company, a
Corporation, Respondent.

No. 46773.

Supreme Court of Missouri,

En Banc.

Dec. 14, 1959.

Ginsberg & Wool, E. W. Ginsberg, St.
Louis, for appellants.

Ward & Reeves, Caruthersville, Attorneys for Georgia Cas. and Surety Co., garnishee and respondent.

HYDE, Judge

This is a garnishment proceeding in which the trial court sustained garnishee's motion to quash an execution and garnishment issued on a default judgment for $3,000 obtained by James Parker as plaintiff against Jennings Smith Bond, defendant. Plaintiff, garnishor, has appealed from the judgment quashing the execution and garnishment. The question for decision herein is the validity of the service of process relied on as giving the court jurisdiction to enter the judgment upon which the execution was issued; and involves the construction of Sections 506.200–506.320, (statutory references are to RSMo and V.A.M.S.) known as the "long arm" statute. We have jurisdiction because of the constitutional question raised, hereinafter discussed.

An opinion herein filed in Division No. 1 stated the following facts. On May 12, 1956, plaintiff filed a petition in the Circuit Court of Pemiscot County wherein he

sought damages for alleged injuries which he averred he had sustained as a result of a collision on May 15, 1955, between an automobile owned and operated by him and a truck owned and operated by the defendant Bond, allegedly a resident of Leesburg, Florida, at a place about three miles north of the intersection on U.S. Highways 61 and 84 in Pemiscot County, Missouri. A summons was issued to "Jennings Smith Bond, Box 430, Rte. 1, Leesburg, Florida," on May 12, 1956, and return thereon executed by the sheriff of Cole County stating that the writ had been executed on May 14, 1956, by delivering a copy of the writ and petition to the chief clerk to the Secretary of State of Missouri, under the provisions of Sections 506.200–506.320 relating to civil actions against nonresident owners and operators of motor vehicles. The summons and return were filed in the circuit court on May 16, 1956.

On March 5, 1957, a copy of the notice (with copy of summons attached) sent to defendant Bond at Box 430, Route 1, Leesburg, Florida, was filed, together with the attached affidavit of the chief clerk that the notice, provided for in Section 506.270, had been mailed by restricted registered mail marked "Deliver to addressee only" and was returned marked *"Unclaimed"* by the postal authorities. Also filed on March 5, 1957, was the envelope addressed to defendant, returned as indicated, and showing on its face also that it had been forwarded from Leesburg to 10th Street in Clermont, Florida, in care of a named person.

On that same day, March 5, 1957, the circuit court entered a default judgment for plaintiff for $3,000 and costs. Thereafter, plaintiff instituted garnishment proceedings and submitted interrogatories to the garnishee, Georgia Casualty and Surety Company, present respondent. On July 29, 1957, garnishee moved to quash the execution and garnishment on the ground that the March 5, 1957, judgment was void because rendered and entered when the court had no jurisdiction of the defendant Bond

in that it appeared on the face of the record that there had been no valid service of process on him.

We shall, as did the Divisional opinion, construe respondent's position in the trial court and his position here as encompassing the contention that the Missouri statutes, Sections 506.200–506.320, in so far as they provide for service of process on nonresident motorists or their executors, administrators, or legal representatives by serving the Secretary of State and for the mailing of that process to and the actual receipt thereof by a nonresident defendant, are constitutional and valid, but that in so far as those sections may provide that valid service of process on nonresident motorists or their representatives may be accomplished by merely mailing such to defendant's last known address, irrespective of whether actually received by defendant (as construed in Williams v. Shrout, Mo.App., 294 S.W.2d 640, relied on by garnishor), are violative of the due process clauses of the state and federal constitutions. Garnishor's contention is that the requirement of due process is satisfied because they say that the provisions of our statutes in themselves indicate that there is a reasonable probability that if they are complied with the defendant will receive actual notice.

There have been two cases in the United States Supreme Court considering such statutes. In Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 633, 71 L.Ed. 1091, it was held that a Massachusetts statute for service on nonresident motorists did not contravene the due process clause of the Fourteenth Amendment. That statute authorized service on a state officer, provided for sending a copy of the process by registered mail to the nonresident, but "required that he shall actually receive and receipt for notice of service and a copy of the process." In Wuchter v. Pizzutti, 276 U.S. 13, 48 S.Ct. 259, 262, 72 L.Ed. 446, a New Jersey statute for such purpose was held unconstitutional because it only provided for service on the Secretary of State but required no notice to the nonresident motor-

ist. The court, after discussing cases, said: "These cases and others indicate a general trend of authority toward sustaining the validity of service of process, if the statutory provisions in themselves indicate that there is reasonable probability that if the statutes are complied with, the defendant will receive actual notice, and that is the principle that we think should apply here." However, although the defendant therein had actual notice of the New Jersey suit (given in a way the statute did not require), the judgment was reversed because "the statute of New Jersey under consideration does not make provision for communication to the proposed defendant, such as to create reasonable probability that he would be made aware of the bringing of the suit." Thus while the court stated a "reasonable probability" rule arguendo, it only held that service on the Secretary of State, without any required notice thereof to the defendant, did not create "reasonable probability" of actual notice. This is far from ruling that mailing a notice to any address a plaintiff might designate would create "reasonable probability" that the defendant would receive it.

■ However, because of the construction we make of our statutes, it is not necessary to decide the constitutional question raised in this case. Section 506.240 (2) provides that the secretary of state shall mail the papers to the defendant (necessarily to the address furnished by plaintiff) "by restricted, registered mail." This term is defined by Section 506.200(2) as "The term 'restricted, registered mail' means mail which carries on the face thereof in a conspicuous place, where it will not be obliterated, the endorsement, 'deliver to addressee only,' and which also requires a return receipt or a statement by the postal authorities that the addressee refused to receive and receipt for such mail." Section 506.270 requires, in addition to affidavits of mailing, that "the returned registry receipt shall be forthwith filed with the court in which such action is filed and pending." Section 506.260 provides that,

in lieu of mailing, "plaintiff may cause said notification to be personally served in the foreign state on the defendant."

Construing these sections together, we do not think they mean that all that is necessary for valid service is for the Secretary of State to mail the papers, served on him, to the "last known address, residence or place of abode" furnished to him by the plaintiff and make an affidavit as to such mailing, without regard to whether it was ever an actual residence or true address of the defendant. Our view is that, to give the court jurisdiction to proceed against a nonresident defendant, it is intended that the return receipt must be filed either signed by the addressee or with the statement "by the postal authorities that the addressee refused to receive and receipt for such mail," namely, the papers sent with the receipt. The signed receipt would show the defendant received the papers and the statement that he refused to receive them would show he had the opportunity to do so. This does not indicate that the Legislature meant that merely mailing a copy of the process and petition to any address given by the plaintiff would give the court jurisdiction to enter judgment against a defendant. It is also persuasive that the title of our 1941 Act, containing these provisions, stated its purpose in this respect as "making the Secretary of State the agent and attorney of any such non-resident defendant, for the purpose of serving of process upon him, and providing the manner and method of personal service or notification on or to such non-resident." (Laws 1941, p. 435.) That seems to mean personal notification; and requiring either a signed receipt or a statement of refusal to receive the papers would definitely show that the defendant personally had an opportunity to know about the suit against him. Our view is that the Legislature intended that, if the plaintiff is unable to get that much by using the postoffice, he should get the defendant into court by personal service on him in the state where he may be found.

If that is not true, why was the provision for personal service in the foreign state included in the Act? It seems that it would be entirely useless surplusage if the Legislature meant that service was complete when the Secretary of State mailed the papers to any address given by the plaintiff; and that such construction would, in effect, read Section 506.260 out of the Act.

The language relied on by garnishor ("insert the name of each defendant and his residence, the last known place of abode *as definitely as known*") is not in any statutory provision for obtaining service or making proof thereof but is in the form of notification set out in Section 506.250 as a parenthetical insert stating instructions for filling out the form. Surely this parenthetical instruction for filling out a form reasonably could not be construed as overriding the positive provision of Section 506.270 for filing the returned registry receipt. Of course, the information as to the defendant's name and residence must come from the plaintiff and it is proper to admonish him to give it as definitely as possible. Certainly there was some purpose in requiring the returned registry receipt to be filed and, since a blank receipt would show nothing, it must have meant a receipt (described in Section 506.200) which is signed by the addressee or contains "a statement by the postal authorities that the addressee refused to receive and receipt for such mail."

The reasonableness of this construction (and the above stated meaning of the title to the Act) is made clear by consideration of our other statutory provisions for service by registered mail in similar situations. Sections 506.330, 506.340 and 506.350 (Laws 1951, p. 363) provide for commencement of actions against nonresident watercraft owners on a basis similar to actions against nonresident motorists. Sec. 506.340 provides for service and proof thereof, as follows: "Service shall be made by mailing a copy of the original summons to the secretary of state, together with remittance of a fee of two dollars, and such

service shall be sufficient; provided that a copy of the service shall be forthwith sent by registered mail to the defendant and the defendant's return receipt and an affidavit of plaintiff or his attorney as to compliance herewith are filed in this action."

Likewise, as to motor carriers, Section 508.070(1) provides for service of process on the secretary of the Public Service Commission. Subsection (2) thereof provides: "When a summons and petition is served upon the secretary of the public service commission, naming any motor carrier or contract hauler, either a resident or nonresident of this state, as a defendant in any action, the secretary shall immediately mail said summons and petition by registered United States mail to such motor carrier or contract hauler at the business address of such motor carrier or contract hauler as the same appears upon the records of the commission. The secretary shall request from the postmaster a return receipt from the motor carrier or contract hauler to whom such registered letter enclosing copy of summons and petition is mailed. The secretary shall inform the clerk of the court out of which the summons was issued that the summons and petition were mailed to the motor carrier or contract hauler, as herein described, and the secretary shall forward to said clerk the return receipt showing delivery of the registered letter."

Even in cases, involving only a res or status within the jurisdiction of the court, service by mail is authorized by Section 506.160(2) to be made by sending "a copy of the summons and of the petition by registered mail, requesting a return receipt signed by addressee only, addressed to the defendant at the address furnished by plaintiff;" and this is required to be proved, by Section 506.180(3), as follows: "Service by mail shall be proved by a certificate of the clerk that he has mailed a copy of the summons and of the petition as required by law and the order of the court and by the return registered mail receipt mentioned in subsection 2 of section 506.160, which

shall be filed as a paper in the particular lawsuit."

In all of these situations (suits against nonresident watercraft owners and motor carriers and actions in rem) the Legislature has required the return receipt signed by the defendant to be filed as proof of service. As to nonresident motorists, the Legislature has gone one step farther and provided for a type of registered mail service by which the postal authorities, in case the defendant refuses to sign the return receipt, will make a statement thereon "that the addressee refused to receive and receipt for such mail." This does provide a reasonable method of notification of the commencement of a suit, although requiring less (no return receipt signed by the defendant) than in any of the other cases above mentioned to bring a nonresident defendant into court. But how can it reasonably be said that such service "by restricted, registered mail," authorized by Section 506.240 and required by Section 506.270 to be proved by affidavits of mailing and filing of "the returned registry receipt," was meant by the Legislature to be complete when there is neither a signed receipt nor a statement of refusal to receive to show that such mail ever reached the defendant? Such construction surely is contrary to the legislative intent because a blank returned receipt would not be proof of notification of any kind.

Sending a notice to an incorrect or false address would be no better notification than requiring no mailing at all; and as Chief Justice Taft pointed out in Wuchter v. Pizzutti, 276 U.S. 13, 48 S.Ct. 259, 260, 72 L.Ed. 446: "It will be entirely possible for a person injured to sue any nonresident he chooses, and through service upon the state official obtain a default judgment against a nonresident who has never been in the state, who had nothing to do with the accident, or whose automobile having been in the state has never injured anybody." Even as to motorists who have been in the State, as Chief Justice Taft also

said therein: "It could hardly be fair or reasonable to require a nonresident individual owner of a motor vehicle who may use the state highways to make constant inquiry of the secretary of state to learn whether he has been sued." These statutes should not be construed so as to permit such a situation, by strained construction of a parenthetical insert, when there is no clear specific provision requiring us to do so. Instead of any such provision, the reasonable implications of the language used, in the title to the Act and in its provisions, appear to be to the contrary; and all other methods provided for service by mail indicate a contrary intent of the Legislature.

■ It is argued that the provisions of Sections 506.240 and 506.250 for sending notification to the last known address, residence or place of abode of a nonresident motorist are sufficient (without either kind of receipt) to constitute due process because it would be reasonably probable that he would receive actual notice. It is also said this is similar to the provisions of Section 506.150(1) for leaving a copy of the summons and petition at a defendant's usual place of abode or dwelling house with a person of his family over the age of fifteen years. However, there is in fact a considerable difference because Section 506.150(1) definitely requires the summons to be delivered to such a person of the defendant's family at his dwelling house or usual place of abode. It does not say that delivery to anyone the plaintiff designates, "as definitely as known" to him to be a member of defendant's family, is sufficient, the language of Section 506.250. The person served must be a member of defendant's family, he must be over the age of fifteen years, and he must be served at defendant's dwelling house or usual place of abode, or the service is no good. There are no such definite requirements and safeguards in Sections 506.240 and 506.250. The latter section says the address in the notification need only be "the last known

place of abode as definitely as known." These two sections construed together only mean that the Secretary of State shall mail the notification and other papers to whatever address the plaintiff gives him. It is not even required that this address actually is or ever was the address, residence or place of abode of the defendant but only that it be a supposed address "as definitely as known" to plaintiff. Thus, on the construction for which garnishor contends, service is authorized by mailing to an address that the plaintiff does not definitely know to be correct, and is not required to verify, which would authorize such service on guesswork or surmise about it. This indefinite provision seems to be far from providing a method making it reasonably probable that a defendant will receive actual notice and therefore at least very doubtful that it would meet the requirements of due process. We should not give the Act a construction that could make it unconstitutional when there is an opposite reasonable construction eliminating any constitutional question. We, therefore, hold the reasonable construction of these statutes (Sections 506.200–506.320) considered together is that service through the Secretary of State is good only if the required return receipt is filed either signed by the addressee or with a statement by the postal authorities that the addressee refused to receive and receipt for such mail; and that otherwise service on the defendant in another state must be obtained by the method provided in Section 506.260. In short, a plaintiff may attempt notification by registered mail at any address he desires to use; but if he cannot get a receipt signed by the defendant, or with the required statement of refusal to receive on it, then he must proceed by the personal service method to get the defendant into court. It follows that there was no valid judgment against defendant Bond; that the execution and garnishment issued thereon was properly quashed; and that Williams v. Shrout, Mo.App., 294 S.W.2d 640, relied on by garnishor, must be and is overruled.

The judgment is affirmed.

All concur except DALTON, J., who dissents.