Bettie ELLIOTT, Appellant,

v.

SOUTHWESTERN LIFE INSURANCE
COMPANY OF DALLAS, TEXAS,
Respondent.

No. 42919.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 21, 1981.

Thomas J. Gregory, St. Louis, for appellant.

Timothy K. Kellett, Armstrong, Teasdale, Kramer & Vaughan, St. Louis, for respondent.

CRIST, Presiding Judge.

The trial court sustained defendant insurance company's motion to dismiss which motion was predicated upon lack of jurisdiction after defendant was personally served with process. The trial court was apparently of a mind that § 375.906, RSMo.1978 was the exclusive method by which to serve process upon licensed foreign insurance companies. We reverse and remand.

Defendant, a foreign insurance company licensed to do business in Missouri, issued two accidental death policies (in 1958 and 1962, respectively) which insured the life of plaintiff's now deceased husband. Both policies were issued in Texas while plaintiff and her husband were residents of Oklahoma. The couple moved to Texas in 1963 and there resided until 1971, when they moved to Missouri. Both were Missouri residents on August 6, 1975, the date decedent husband committed suicide.

Plaintiff, as beneficiary, submitted a letter to defendant on November 22, 1975, wherein she made written demand for amounts alleged due under the accident policies above-mentioned. Defendant refused payment and some weeks later, in December of 1975, plaintiff moved back to Texas.

Thereafter, plaintiff brought suit for recovery against defendant by petition filed in circuit court on August 7, 1979. Service of process was performed according to § 375.906 RSMo.1978. Defendant moved to dismiss the action alleging that service pur-

suant to § 375.906, RSMo.1978 was inappropriate and, therefore, the service of process was invalid. While this motion was yet under consideration, defendant was personally served with process at its offices in Clayton, Missouri. Defendant, in turn, filed a second motion to dismiss which essentially alleged the same grounds as its first motion: that § 375.906 RSMo.1978 is the *exclusive* method by which a foreign corporation may be served but that plaintiff was precluded from its use because not a resident of Missouri at the time she brought suit. This second motion was sustained and plaintiff appeals.[1]

The relevant portion of § 375.906(2), RSMo.1978 reads as follows:

> Service of process shall be made by delivery of a copy of the petition and summons to the director of the division of insurance, the deputy director of the division of insurance or to the chief clerk of the director of the division of insurance at Jefferson City, Missouri, and service as aforesaid shall be valid and binding *in all actions brought by residents of this state* upon any liability accrued in this state, or on any policy issued in any other state in which the resident is named as beneficiary, *and in all actions brought by nonresidents of this state on a cause of action, other than an action on a policy of insurance,* which arises out of business transacted, acts done, or contracts made in this state. (Emphasis added.)

There appears to be little question but that if plaintiff had remained a Missouri resident, or had the policies been issued in Missouri, § 375.906(2), RSMo.1978 would have been the appropriate vehicle by which to serve defendant with process.

■ Plaintiff infers that her Missouri residence at the time her cause of action accrued under the policy is sufficient for purposes of service pursuant to § 375.906, RSMo.1978. We decline to make such a determination but rather hold that § 375.-906, RSMo.1978 is *not the exclusive method* of service upon licensed foreign insurance

companies which have established such "minimum contacts" within Missouri so as to subject themselves to the jurisdiction of its courts. See, *International Shoe Co. v. State of Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Mullane v. Central Hanoever Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950); and *Slivka v. Hackley,* 418 S.W.2d 89 (Mo.1967).

> ". . . Missouri courts have not shown any special reluctance to accept jurisdiction of transitory claims for relief when neither plaintiff nor defendant were citizens of Missouri and the cause of action did not arise in Missouri." *Seven Provinces Insurance Co. v. Commerce & Industrial Ins. Co.,* 306 F.Supp. 259, 263 (W.D.Mo. 1969).

Defendant emphasizes the repeal of Rule 54.20 which when in effect, it is generally conceded, altered the previously exclusive status of § 375.906, RSMo.1978. We are not convinced that by repeal of this rule, the Missouri Supreme Court intended to return to the exclusive nature of service earlier decisions attributed to § 375.906, RSMo. 1978. See, *State ex rel. Phoenix Mutual Life Insurance Co. v. Harris,* 343 Mo. 252, 121 S.W.2d 141 (1938); *Johnson v. Fire Association of Philadelphia,* 240 Mo.App. 1187, 225 S.W.2d 370 (1949). We feel this is particularly apparent when one considers Rule 54.13(a)(3) and Rule 54.18.

Missouri has adopted no statute or rule which vests § 375.906, RSMo.1978 with exclusivity regarding service upon foreign insurance companies, and we are reluctant to read such exclusivity into the law absent an express provision. *Seven Provinces, supra* at 263. And, although a state may set more stringent requirements than the federal "minimum contacts" standard (see, *Seven Provinces, supra* at 261), *Slivka v. Hackley, supra,* has incorporated and adopted the federal standard for use by Missouri courts.

■ So too, there would appear a sufficient "nexus" between the claim herein sued upon and the State of Missouri so as to make Missouri an appropriate forum. *Lof-*

---

1. The first motion was denied as moot by the trial court after the second motion was filed.

*tus v. Lee,* 308 S.W.2d 654 (Mo.1958). Defendant, a licensed foreign insurance company maintained offices in Missouri where it was actively engaged in the issuance of insurance policies. Plaintiff and her deceased husband lived in Missouri for approximately four years immediately prior to husband's death. During this period, the couple continued to submit the premium payments to keep the policies in force. Defendant continued to accept these payments. Finally, plaintiff's husband, the insured, died while in Missouri and thus, the cause of action accrued here.

Accordingly, we hold that the above events constitute sufficient "minimum contacts," and form an adequate "nexus" between this state and the cause sued upon to invoke the jurisdiction of our state courts, and further, that personal service upon defendant gave the trial court jurisdiction.

Reversed and remanded.

REINHARD and SNYDER, JJ., concur.