**Vaughn MOORE, Appellant,**

v.

**CHRISTIAN FIDELITY LIFE INSURANCE COMPANY,**
**Respondent.**

**No. WD 35286.**

Missouri Court of Appeals,
Western District.

Dec. 26, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied March 5, 1985.

Wendell E. Koerner, St. Joseph, for appellant.

Martin M. Bauman, St. Joseph, for respondent.

Before DIXON, P.J., and SHANGLER and SOMERVILLE, JJ.

SHANGLER, Judge.

■ The plaintiff Moore, a resident of Iowa, sued the defendant Christian Fidelity Life Insurance Company, a Texas corpora-tion for breach of contract. The jurisdiction over the person of the foreign insurance company was invoked under the provisions of § 375.906, RSMo 1978, and was accomplished by service of process on the Superintendent of Insurance of this state. The defendant insurance company moved to dismiss the action for want of jurisdiction over the person on grounds that the petition failed to allege that the foreign defendant committed a wrong within Missouri or that the obligation on which the cause of action rests was on a contract made within Missouri—as required by § 506.500, RSMo 1978. The court entered dismissal of the petition. That order, responsive to the motion, was on the premise that there lacked the minimum contacts between the foreign insurance company and our state to subject the nonresident defendant to the jurisdiction of the court for judgment.[1]

■ The motion to quash for want of personal jurisdiction over the defendant casts the burden on the plaintiff to a prima facie proof that the court is empowered to render a judgment against the person of the defendant. *Osage Homestead, Inc. v. Sutphin*, 657 S.W.2d 346, 350[1] (Mo.App. 1983). In the assessment of that proof, the allegations of the petition are given an intendment most favorable to the existence of the jurisdictional fact. *State ex rel. Deere and Company v. Pinnell*, 454 S.W.2d 889, 893[4, 5] (Mo. banc 1970). *See also* McCarter, Personal Jurisdiction Over Non-Resident Defendants, 40 Mo.B.J. 373, 374 (Sept. 1984). To prove the jurisdictional factum, the proponent may resort to discovery or other evidence relevant to that purpose. *State ex rel. Deere and Company v. Pinnell*, supra, l.c. 894[6].[2]

1. The motion did not assert that the petition failed to state a cause of action, but only that the allegations were not sufficient to invoke the jurisdiction of the court over the person of the nonresident defendant insurer for want of minimum contacts due process requires. The proper procedure was a motion to quash service of process, not to dismiss. *State ex rel. Caine v. Richardson*, 600 S.W.2d 82 (Mo.App.1980). We treat the pleading and the order of the court as a motion and a judgment to quash service of process. *State ex rel. Newport v. Wiesman*, 627 S.W.2d 874, 875 (Mo. banc 1982).

2. The motion to quash was called up for "hearing and disposition" by a notice of the defendant. There is no intimation as to the nature of the "hearing" or what was presented. The order of dismissal predicates the judgment simply on findings that the litigants were both nonresidents and that the contract sued upon was executed outside of Missouri. The nonresidence of

The adjudication of the motion to quash was without prior resort to the preliminary procedure delineated by the Supreme Court en banc in *Deere* as an aid to prove a defendant amenable to jurisdiction and judgment. The order of dismissal, in effect, rests on the failure of the petition to state a claim of jurisdiction. The allegations of fact pleaded, however, were of a more ample proof than the rudiments—the nonresidence of the litigants and a non-Missouri contract—the court determined to deny jurisdiction. The allegations of fact taken most favorably to the issue, rather, establish:

the plaintiff Moore is a resident of Iowa

the defendant is a life insurance company, resident in Texas.

the defendant was authorized to do business in Missouri, and conducted business in Missouri

the plaintiff Moore contracted with the defendant insurer to perform services as supervisor for the State of Missouri under the contract of employment with the defendant insurance company

the plaintiff Moore, in fulfillment of these duties, recruited, trained, motivated agents

the plaintiff Moore in the fulfillment of these duties, participated in the marketing and public relations activities of the insurer in Missouri

the plaintiff Moore, in fulfillment of these duties, developed a Medicare Supplement Policy and developed a premium base for the defendant in Missouri so as to increase the gross sales of health and accident policy premiums from $31,000 to $786,522, and to establish life insurance premiums of $107,603

the plaintiff Moore was owed a bonus of $29,043 for performance

the defendant insurance company still owes $9,043 of the bonus, $14,000 as base salary, and some other sums.

the plaintiff and defendant are facts disclosed on the face of the petition. That the contract was executed outside the state does not appear from the petition, but as an assertion of the

The motion to the jurisdiction, and the entry of judgment, rest on the premise that the petition fails to allege one of the grounds enumerated by § 506.500 for jurisdiction and judgment: more particularly, that the cause of action arose from a contract made within this state [§ 506.500 subd. 1(2)], or from the commission of a tortious act within this state [§ 506.500 subd. 1(3)].

The petition does not attempt to engage the jurisdiction of the court under single-act, long-arm §§ 506.500 and 506.510, however, but under foreign insurance company service statute § 375.906, RSMo Cum.Supp. 1984. That section provides:

1. No insurance company or association not organized under the laws of this state shall directly or indirectly issue policies, take risks, *or transact business in this state*, until it shall have first executed an irrevocable power of attorney in writing, appointing and authorizing the director of the division of insurance of this state to acknowledge or receive service of all lawful process, for and on behalf of the company, in any action against the company, instituted in any court of this state, or in any court of the United States in this state, and consenting that service upon the director shall be deemed personal service upon the company.

2. Service of process shall be made by delivery of a copy of the petition and summons to the director of the division of insurance ... at the office of the director of the division of insurance at Jefferson City, Missouri, and service as aforesaid shall be valid and binding in all actions brought by residents of this state upon any policy issued or matured, or upon any liability accrued in this state, or on any policy issued in any other state in which the resident is named as beneficiary, and in all actions brought by non-residents of this state upon any policy issued in this state in which the nonresi-

motion to dismiss. The parties do not dispute that premise, and we assume the fact for the purpose of opinion.

dent is named beneficiary or which has been assigned to the nonresident, and *in all actions brought by nonresidents of this state on a cause of action, other than an action on a policy of insurance, which arises out of business transacted, acts done, or contracts made in this state.* [emphasis added] The service of process was accomplished by plaintiff Moore upon the defendant insurance company as § 375.906 [subsections 2 and 5] prescribes: by a delivery of the petition and summons to the director of the division of insurance, forwarded by that official to a designated personage on behalf of the defendant corporation. The sufficiency of that process is not an issue.

■ The requirements for process and the manner of service are altogether as constituted by statute, and where not met, a court lacks power to adjudicate. *State ex rel. Minihan v. Aronson,* 350 Mo. 309, 165 S.W.2d 404, 407[3, 4] (1942); *Ponder v. Aamco Automatic Transmission, Inc.,* 536 S.W.2d 888, l.c. 890[1, 2] (Mo.App. 1976); Rule 54.18. Thus, the appeal poses the inquiry whether the allegations of the petition of plaintiff Moore subjects the foreign defendant to the jurisdiction and in personam judgment of the court as a cause of action under § 375.906.

This is not to say that the procedure for the commencement of an action against a nonresident insurance corporation prescribed by § 375.906 excludes resort to any other method sanctioned by statute, or that § 375.906 preempts or opposes single-act § 506.500 as a means to perfect in personam jurisdiction. *Elliott v. Southwestern Life Insurance Company of Dallas, Texas,* 615 S.W.2d 116, 117[1] (Mo.App.1981). That is to say: only a service of process conformed to the manner and form prescribed by law suffices to engage the jurisdiction of the court. *In Interest of K.K.M.,* 647 S.W.2d 886, 889[4] (Mo.App.1983); Rule 54.18.

The plaintiff Moore accomplished service upon the foreign insurance company defendant in the manner § 375.906. Personal jurisdiction over the nonresident under that procedure is based upon the express consent of the foreign insurer—as a condition to the issuance of policies or transaction of business in Missouri—to authorize the director of the division of insurance to acknowledge and receive service of all lawful process against the company in any action commenced in a court of our state. The motion to quash service of summons brought by the foreign insurer does not assert that such a consent was an unfair exaction, and so violates due process. Nor does the motion contend that the jurisdiction of the court *under that statute* to render an *in personam* judgment against the foreign insurer fails for want of allegation of the petition. The motion does not mention § 375.906 at all, but misdirects the inquiry to a contention that the petition fails to allege ground for personal jurisdiction over a nonresident under the long-arm procedures of single act § 506.500 et seq. The order of quashal, responsive to the motion, implicitly adopts for judgment the ground that the petition does not allege that the contract upon which the claim rests was executed within this state so that "there [was] not sufficient contact with the State of Missouri to warrant this State having jurisdiction." The briefs of the foreign insurer perpetuate that misdirection with arguments from due process premises and precedents which appertain to the long-arm procedures of statutes of the § 506.-500 genre—those which depend upon constitutional validity altogether on minimum contacts with the forum and a process of reasonable notice to the nonresident defendant. *M & D Enterprises, Inc. v. Fournie,* 600 S.W.2d 64 (Mo.App.1980); *Sperandio v. Clymer,* 581 S.W.2d 377 (Mo. banc 1979); and *State ex rel. Deere and Co. v. Pinnell,* 454 S.W.2d 889 (Mo. banc 1970), among the others.

■ The exercise of jurisdiction over the person of the nonresident under § 375.906, on the other hand, rests on the express consent of the insurer to submit to the judgment of the court, and amounts to an intentional waiver of the question of adjudicatory jurisdiction. *Insurance Corpora-*

*tion of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 703, 102 S.Ct. 2099, 2105, 72 L.Ed.2d 492 (1982); *National Equipment Rental, Ltd. v. Szukhent,* 375 U.S. 311, 315[1], 84 S.Ct. 411, 414[1], 11 L.Ed.2d 354 (1964). The explicit terms of § 375.906, moreover, are notice to the consensual nonresident insurer to expect that

> in all actions brought by nonresidents of this state on a cause of action, other than an action on a policy of insurance, which arises out of *business transacted, acts done,* or contracts made in this state

it will be required to respond in the Missouri forum. There is no contention that the advertent form of consent required of a nonresident insurer as a condition for the transaction of business in this state violates the fairness principle of *International Shoe Company v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) or the sequels which expound that decision. Nor can there be contention that the allegations of the petition [and terms of contract appended to the pleading] assumed as fact do not plead a cause of action which arises out of *business transacted* or *acts done* in Missouri.

■ The judgment rests, rather, on the lack of an event [a contract executed in Missouri] altogether irrelevant to the exercise of in personam jurisdiction over a nonresident under § 375.906, on which the petition proceeds. The judgment is erroneous simply because it quashes an exercise of personal jurisdiction never asserted under the scheme of a statute never invoked.

The order to quash the service of process is set aside and the cause is remanded for trial.

All concur.