**The STATE of Missouri ex rel. Robert W. PLASTER, Relator,**

v.

**The Honorable William H. PINNELL, Respondent.**

**No. 17446.**

Missouri Court of Appeals,
Southern District,
Division Two.

June 1, 1992.

William M. Modrcin, James R. Hess, Hillix, Brewer, Hoffhaus, Whittaker & Wright, Kansas City, for relator.

John R. Lewis, Springfield, for respondent.

FLANIGAN, Chief Judge.

On December 20, 1991, this court issued an opinion in this cause. On February 27, 1992, by order of the Supreme Court of Missouri, this cause was transferred to that court. On May 22, 1992, the Supreme Court entered an order retransferring the cause to this court. The original opinion of this court, which follows, is now readopted and reissued.

This is a prohibition proceeding, Rule 97,[1] in which relator is Robert W. Plaster and respondent is the Honorable William H. Pinnell, Judge of the Circuit Court of Stone County. In the underlying action, pending before respondent, plaintiff is Meco Systems, Inc., and Plaster is one of two defendants. Plaster challenges the correctness of the trial court's ruling that proper service by mail, under Rule 54.16, was obtained on him in the underlying action.

Plaster, according to an affidavit filed by counsel for plaintiff in the underlying action, resides at Route 1, Highway 5, Lebanon, Missouri, and his business address is "C/o Empire Gas Corporation, Highway 5, Lebanon, Missouri." The sheriff of Laclede County, in which Plaster resides, made two unsuccessful attempts to serve process upon Plaster at his residence. Those attempts are shown by "non-est" returns filed in the underlying action.

Thereafter, pursuant to an affidavit filed by John R. Lewis, attorney for Meco Systems, Inc., service on Plaster by certified mail was attempted. A "Summons for Service by Registered or Certified Mail," in content equivalent to Form No. 4 appearing at page 380 of Missouri Rules of Court (1991), together with a copy of the petition, was mailed by certified mail on October 30, 1990, by Deputy Clerk Linda DeForrest to Plaster at each address set forth in Lewis's affidavit. Each was accompanied by a return receipt to be signed by the addressee only. The result of that attempt is set forth in an affidavit of Cathy Shortt, Circuit Clerk of Stone County, which is undated but which was filed in the underlying action on November 6, 1990.

The body of that affidavit reads: "I CATHY SHORTT, duly elected Circuit Clerk and Ex–Officio Recorder of Deeds in and for the County of Stone, State of Missouri, do hereby state that Linda C. DeForrest, one of my deputy clerks, did, on November 2, 1990, receive from the United States Postal Service, Galena, Missouri branch, the return of two (2) Summonses for Service by Certified Mail in the case of *Meco Systems, Inc. v. Robert W. Plaster, et al.,* case number CV590–250CC, said summonses being attached to copies of the petition and mailed by Linda C. DeForrest on October 30, 1990 to Mr. Robert W. Plaster at the following addresses:

  1) c/o Empire Gas Corporation
     Highway 5
     Lebanon, MO 65536
  and
  2) Route 1, Highway 5
     Lebanon, MO 65536

and said summonses were returned by said Post Office unopened and marked 'Refused.'

Further Affiant saith naught."

Plaster filed a motion which challenged the sufficiency of the service of process by mail. Respondent overruled the motion "for the reason that service has been obtained pursuant to Rule 54.16 and proven by the filing of an affidavit of the Clerk of this Court pursuant to Rule 54.20(f) and 54.20(d)." This proceeding ensued.

Rule 54.16 reads:

A party requesting service by registered or certified mail shall file an affidavit made by him, or by someone on his behalf, stating:

(1) Why personal service cannot be had in this state on the party to be served by mail, and

(2) The name and address of the party to be served by mail. The clerk shall thereupon mail to the party to be served a summons and copy of the pleading by registered or certified mail, requesting a return receipt signed by addressee only.

Rule 54.20(d) reads:

Service by mail shall be proved by the certificate of the clerk that he has mailed a copy of the summons and petition and by the filing of the return registered or certified receipt.

Rule 54.20(f) reads:

**1.** All references to rules are to Missouri Rules of Court, V.A.M.R., and all references to statutes are to RSMo 1986, V.A.M.S.

When the person to be served or an agent authorized by him to accept service of process, either within or outside the state, shall refuse to receive copies thereof, the offer of the server to deliver copies thereof, and such refusal, when these facts are shown on the server's return, shall be service.

■ Plaster contends that the attempted service by mail was invalid because: (1) there was no compliance with that portion of Rule 54.20(d) requiring "the filing of the return registered or certified receipt"; and (2) Rule 54.20(f) does not apply to service by mail, and even if it does, there is no affidavit signed and filed by the mailman showing a refusal by Plaster or an agent authorized by him to accept service of process to receive copies thereof, and the affidavit of the circuit clerk is insufficient.

Respondent, who is represented by counsel for Meco Systems, Inc., plaintiff in the underlying action, contends that service by mail was obtained pursuant to Rule 54.16 and that the affidavit of the circuit clerk was proof of service and satisfied Rule 54.20(d) and 54.20(f) "in that service of process was directed 'to addressee only.' Plaster 'refused' service, and evidence of 'refusal of service' is sufficient to establish service of process."

■ "Generally, when there is no jurisdiction over the person of the defendant, prohibition will lie to prevent further action." *State v. Weinstein*, 365 Mo. 1179, 295 S.W.2d 62, 67 (1956). When the requirements for manner of service are not met, a court lacks power to adjudicate. *State ex rel. Minihan v. Aronson*, 350 Mo. 309, 165 S.W.2d 404, 407[3, 4] (1942); *Moore v. Christian Fidelity Life Ins. Co.*, 687 S.W.2d 210, 213 (Mo.App.1984). Actual notice is not sufficient. *Harris v. Bates*, 364 Mo. 1023, 270 S.W.2d 763, 769 (1954); *Burchett v. Burchett*, 572 S.W.2d 494, 497 (Mo.App.1978). The proper procedure, for a defendant challenging service of process, is a motion to quash service, not a motion to dismiss. *State ex rel. Newport v. Wiesman*, 627 S.W.2d 874, 876[1] (Mo. banc 1982); *Moore v. Christian Fidelity Life Ins. Co., supra*, 687 S.W.2d at 211, n. 1;

*State ex rel. Caine v. Richardson*, 600 S.W.2d 82, 83 (Mo.App.1980).

Rule 54.18 reads: "Where a statute contains provisions for a method of service, service may be made pursuant to the provisions of the statute or as provided by these Rules." The answer of respondent pleads that service on Plaster was obtained pursuant to Rule 54.16 and was proved pursuant to Rules 54.20(f) and 54.20(d). Respondent makes no claim that service was obtained under any statute containing provisions for service by mail.

Rule 54.20(d), set out supra, provides that service by mail *shall* be proved by the clerk's certificate that he has mailed a copy of the summons and petition *and* by the filing of the returned registered or certified receipt. Rule 54.20(d) makes no mention of the receipt being signed, nor does it mention a refusal to sign.

In *Parker v. Bond*, 330 S.W.2d 121 (Mo. banc 1959), the court dealt with the sufficiency of service of process under §§ 506.-200–506.320, the so-called "long arm" statute, for use in· actions against nonresident motorists. Section 506.240.2 required the secretary of state to mail the suit papers to the defendant "by restricted, registered mail." Section 506.200.2 defined "restricted, registered mail," to mean "mail which carries on the face thereof in a conspicuous place, where it will not be obliterated, the endorsement, 'deliver to addressee only,' and which also requires a return receipt or a statement by the postal authorities that the addressee refused to receive and receipt for such mail." The court mentioned other statutes, providing for service by mail in suits against nonresident watercraft owners, motor carriers and actions in rem, which did not mention refusal to receipt for such mail.

The court said, at 330 S.W.2d 125:

In all of these situations (suits against nonresident watercraft owners and motor carriers and actions in rem) the Legislature has required the return receipt signed by the defendant to be filed as proof of service. As to nonresident motorists, the Legislature has gone *one step farther* and provided for a type of

registered mail service by which the *postal authorities, in case the defendant refuses to sign the return receipt, will make a statement thereon "that the addressee refused to receive and receipt for such mail."* This does provide a reasonable method of notification of the commencement of a suit, although requiring *less (no return receipt signed by the defendant)* than in any of the other cases above mentioned to bring a nonresident defendant into court. But how can it reasonably be said that such service "by restricted, registered mail," authorized by Section 506.240 and required by Section 506.270 to be proved by affidavits of mailing and filing of "the returned registry receipt," was meant by the Legislature to be complete when there is neither a signed receipt nor a statement of refusal to receive to show that such mail ever reached the defendant? Such construction surely is contrary to the legislative intent because *a blank returned receipt would not be proof of notification of any kind.* (Emphasis added.)

The court held that, under §§ 506.200–506.320, service through the secretary of state "is good only if the required return receipt is filed either signed by the addressee or with a statement by the postal authorities that the addressee refused to receive and receipt for such mail," *Parker* at 126, and that otherwise service in another state must be obtained by the alternate method contained in § 506.260.

In *Parker*, the court said that "a blank returned receipt would not be proof of notification of any kind." Although § 506.-200.2 went "one step farther," and dealt with a situation where the addressee refused to receive and receipt for such mail, Rule 54.20(d), as previously stated, makes no mention of the refusal to sign. Rule 54.20(d) does not go one step farther.

Accordingly, the instant service is good only if Rule 54.20(f) applies to mail service. It is unnecessary to decide whether it does so apply because the record fails to show compliance with Rule 54.20(f).

In order for there to be service under Rule 54.20(f), certain facts—in general, the offer of the *server* to deliver copies of process and the refusal of the person (or his authorized agent) to receive the copies—have to be shown "on the server's return." Rule 54.03 provides that service of process within the state, except as otherwise provided, shall be made by the sheriff or, under certain conditions, by the coroner or by a person appointed by the court to serve process. A deputy sheriff has the same authority as the sheriff to do any act which Rule 54 authorizes the sheriff to do. See Rule 54.05.

Rule 54.20(a) reads:

(1) Every officer to whom summons or other process shall be delivered for service within the state shall make return thereof in writing as to the time, place and manner of service of such writ, and shall sign such return.

(2) If service of such process is made by a person other than an officer such person shall make affidavit as to the time, place and manner of service thereof.

If it is assumed that the postman was a "server," as used in Rule 54.20(f), the "return" required by Rule 54.20(f), would have to satisfy Rule 54.20(a)(2), which requires an affidavit of the server "as to the time, place and manner of service thereof." Here there was no such affidavit. The affidavit of the circuit clerk would not suffice because neither she nor her deputy was the server who offered to deliver the copies and was met with the refusal. Note that in *Parker* the court was dealing with a statute which recognized the validity of a statement, as distinguished from an affidavit, by the postal authorities as to the refusal.

Rule 54.20(a)(2) requires that if service of process is made by a person other than an officer, such person shall make an affidavit as to the time, place and manner of the service. Absent such proof in accordance with the rule, the trial court acquired no personal jurisdiction and was without power to determine the rights and liabilities of the defendant.

*See v. Nesler,* 692 S.W.2d 7, 8 (Mo.App. 1985).

■ The fact that to date no proper service of process has been obtained upon relator does not mean that relator is entitled to a dismissal of the underlying action. It means only that respondent is prohibited from exercising jurisdiction based on the present invalid service. Plaintiff in the underlying action is, of course, at liberty to take new steps to obtain service on Plaster.

Respondent is hereby prohibited from exercising jurisdiction over relator on the basis of the attempt to obtain service by certified mail on October 30, 1990, and any purported return with respect to said service is hereby quashed, all without prejudice to the right of plaintiff in the underlying action again to seek to obtain service on relator.

Respondent's "Motion to Dismiss Preliminary Writ of Prohibition," which was taken with the case, is denied.

SHRUM, P.J., and MAUS, J., concur.